■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO NIXON, Also Known as NEIL NIXON, Appellant.—Judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered August 3, 1987, convicting defendant after a jury trial of criminal possession of a weapon in the third degree, and sentencing him as a persistent violent felony offender to an indeterminate term of imprisonment of 8 years to life, unanimously affirmed.

A new trial is not warranted on the basis of defendant's unpreserved claim that he was not present while the court, outside of the jury's presence, considered its response to the jury's note requesting a read back of testimony. While the requested read back of testimony did not occur until the next day, on appeal defendant cannot establish that he was "seriously prejudiced". *(People v Lourido,* 70 NY2d 428, 435.) Defendant's absence in and of itself, does not require remedial action, as the proceedings, at which the court merely determined to have the testimony read back the following day, did not implicate defendant's fundamental right to be present at trial, and counsel's presence ensured that defendant's interests were protected. *(People v Rodriguez,* 76 NY2d 918, 921; *People v Mullen,* 44 NY2d 1.)

Similarly without merit is defendant's unpreserved claim that his right to be present was violated when the court dismissed the jury for the evening in his absence. The court clerk's announcement that the defendant's presence was "waived" did not waive defendant's right to be present, but counsel's failure to object was binding on defendant. *(People v Ford,* 161 AD2d 262, *lv granted* 76 NY2d 892.) The court's brief remarks that the jury should not deliberate were not a charge on fundamental legal principles *(compare, People v Ciaccio,* 47 NY2d 431; *People v Mullen, supra),* and here, unlike the circumstances in *People v Hernandez* (157 AD2d 472, 473), it is possible "to assess the extent to which the court's instructions and admonitions were accurately communicated to the jury."

Defendant's claim that the prosecutor committed error in summation is unpreserved and meritless. Concur—Carro, J. P., Milonas, Ellerin, Smith and Rubin, JJ.