■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM HACHE, Appellant.—Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered January 30, 1990, convicting defendant after a jury trial of attempted rape in the first degree, and sexual abuse in the first degree, and sentencing him to concurrent, indeterminate terms of imprisonment of two to six years and one to three years, respec-

tively, unanimously affirmed. The case is remitted for further proceedings pursuant to CPL 460.50.

Defendant, a stockman, was convicted of attacking a sales clerk in an elevator located in the store where they both worked. On appeal, defendant argues that the prosecutor improperly used her peremptory challenges to exclude prospective Hispanic jurors. Of the five persons on the venire with Hispanic surnames, one served as the foreman, one was dismissed on consent, two were peremptorily challenged by the prosecutor, and defendant abandons any claim concerning the fifth, whose ethnicity was debated.

The trial court correctly ruled that defendant had failed to make a *prima facie* showing that the prosecutor had used her peremptory challenges improperly. Trial courts are vested with the fullest authority to decide whether the circumstances concerning the use of peremptory challenges create a *prima facie* case of discrimination *(Batson v Kentucky,* 476 US 79). We find no pattern of discriminatory challenges here. Defendant does not identify any questions or statements that the prosecutor made during the selection process that support the inference of discriminatory purpose. Nor did the prosecutor challenge the Hispanic juror who served as the foreman of the petit jury. *(People v Bolling,* 166 AD2d 203, *lv granted* 77 NY2d 836.)

The court, despite the lack of a *prima facie* showing, also ruled that the prosecutor gave adequate explanations for her peremptory challenges, and we find no merit to defendant's appellate challenge to those explanations. While the court disagreed with some of the prosecutor's views, the prosecutor did give clear and reasonably specific explanations. *(Batson v Kentucky, supra,* at 98, n 20.) Essentially, defendant's claim on appeal challenges the trial court's determination of the prosecutor's credibility, to which we now defer. *(People v Hernandez,* 75 NY2d 350, 357, *cert granted in part* — US —, 111 S Ct 242.)

Defendant's claim that the court improperly directed a clerk to sequester the jury is unpreserved and unpersuasive *(People v Ford,* 161 AD2d 262, 264, *lv granted* 76 NY2d 892). Concur— Murphy, P. J., Carro, Kupferman, Asch and Rubin, JJ.