■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR TWYMAN, Appellant. [616 NYS2d 1008] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered November 10, 1992, convicting him of rape in the first degree (two counts), sodomy in the first degree (two counts), and sexual abuse in the first degree (five counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's right to be present at all material stages of the proceedings against him was not violated when, on the morning of the jury's final day of deliberations, the trial court called the jury into the courtroom and, in the defendant's absence, instructed it to resume its deliberations (see, People v Smith, 204 AD2d 748); People v Nixon, 172 AD2d 366).

The defendant contends that the proof of forcible compulsion that was adduced at trial is legally insufficient. This issue is unpreserved for appellate review (see, CPL 470.05 [2]; People v Adams, 194 AD2d 680; People v Hemphill, 187 AD2d 728; People v Johnson, 185 AD2d 247). In any event, there is legally sufficient evidence to support the verdict. Moreover, upon the exercise of our factual review (see, CPL 470.15 [5]), we are satisfied that the verdict is not against the weight of the evidence.

Finally, the defendant's remaining contention is unpreserved for appellate review, and we decline to reach it in the interest of justice. Bracken, J. P., Altman, Krausman and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON WASHINGTON, Appellant. [616 NYS2d 1009] —Appeal by the defendant from two judgments of the County Court, Orange County (Berry, J.), both rendered October 6, 1992, convicting him of attempted criminal sale of a controlled substance in the third degree (two counts; one as to each indictment), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed (see, People v Fernandez, 67 NY2d 686; People v Corti, 88 AD2d 345; People v Pally, 131 AD2d 889; People v Johnson, 145 AD2d 573). Rosenblatt, J. P., Miller, Ritter and Hart, JJ., concur.