■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEIGHTON SMITH, Appellant. [680 NYS2d 556] —Appeal by the defendant from a judgment of the County Court, Westchester County (Angiolillo, J.), rendered October 12, 1995, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pointed a sawed-off shotgun at the victim after an argument. He pulled the trigger and the gun discharged, instantly killing the victim. The defendant claimed that he had not known that the gun was loaded and that he only pointed the gun at the victim to scare her.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of murder in the second degree based upon depraved indifference to human life (Penal Law § 125.25 [2]). It is irrelevant whether the defendant knew the gun was loaded. The only mental state required for depraved indifference murder is recklessness, and the defendant's mental state *"is not pertinent* to a determination of the additional element required for depraved indifference murder: whether the objective circumstances bearing on the nature of the defendant's reckless conduct are such that the conduct creates a very substantial risk of death" (*People v Roe,* 74 NY2d 20, 24; *People v Register,* 60 NY2d 270, 276-277, *cert denied* 466 US 953). "[T]he assessment of the objective circumstances evincing the actor's 'depraved indifference to human life'—i.e., those which elevate the risk to the gravity required for a murder conviction—is a qualitative judgment to be made by the trier of the facts" (*People v Roe, supra,* at 25; *People v Register, supra,* at 274-275). Considering the defendant's knowledge of guns, pointing a shotgun at the victim and pulling the trigger without first checking to determine whether the gun was loaded presented a grave risk of death.

The defendant has not preserved for appellate review his contention that the trial court failed to adequately respond to jury notes (*People v Albert,* 206 AD2d 320, *affd* 85 NY2d 851). In any event, the argument is without merit as the court's rereading of the appropriate charges was an adequate response to the jury's inquiries (*People v Davis,* 118 AD2d 206).

The sentence imposed was not excessive (*People v Suitte,* 90 AD2d 80). Ritter, J. P., Thompson, Santucci and Joy, JJ., concur.