■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARQUI REYES, Appellant. [771 NYS2d 706]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Lefkowitz, J.), rendered September 9, 1999, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There was no violation of the well-settled rule that a criminal defendant has a constitutional and statutory right to be present at all material stages of trial (*see* CPL 260.20, 310.30; *People v Twyman,* 208 AD2d 576 [1994]).

The defendant failed to preserve for appellate review his present contention that the court's dismissal of a sworn juror denied him the right to be tried by a jury in whose selection he had a voice (*see* CPL 470.05 [2]). In any event, under the circumstances, the court properly found that the juror was grossly unqualified to serve (*see* CPL 270.35 [1]; *People v Payton,* 279 AD2d 483 [2001]).

The defendant failed to preserve for appellate review his contention concerning the court's charge on justification (*see* CPL 470.05 [2]). In any event, the court properly charged the jury that if it found that the defendant acted in self-defense, it could not find him guilty of depraved indifference murder.

The defendant's contention that Penal Law § 125.25 (2) is unconstitutionally vague was not preserved for appellate review (*see People v Lambert,* 125 AD2d 495, 497 [1986]). In any event, the contention is without merit (*see People v Sanchez,* 98 NY2d 373, 380 [2002]; *People v Register,* 60 NY2d 270, 276 [1983], *cert denied* 466 US 953 [1984]).

The defendant's claim that the People failed to establish by legally sufficient evidence the element of depraved indifference

(*see* CPL 470.05 [2]; *People v Finger,* 95 NY2d 894, 895 [2000]; Penal Law § 125.25 [2]) is unpreserved for appellate review. In any event, the evidence, viewed in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), established by legally sufficient evidence that the defendant acted with depraved indifference to human life (*see People v Sanchez,* 98 NY2d 373, 378 [2002]; *People v Elkady,* 287 AD2d 518 [2001]; *People v Smith,* 255 AD2d 404, 405 [1998]; *People v Dellemand,* 205 AD2d 551, 552 [1994]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Altman, J.P., Krausman, Adams and Townes, JJ., concur.