People v Tamberlane (2021 NY Slip Op 50592(U))

[*1]

People v Tamberlane (John)

2021 NY Slip Op 50592(U) [72 Misc 3d 128(A)]

Decided on June 24, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 24, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2020-429 S CR

The People of the State of New York,
Respondent,
against
John Tamberlane, Appellant. 

Lavallee Law Offices, PLLC (Keith A. Lavallee of counsel), for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Allen S. Mathers, J.H.O.), rendered January 7, 2020. The judgment
convicted defendant, after a nonjury trial, of speeding, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with speeding (Vehicle and Traffic
Law § 1180 [b]) by driving 85 miles per hour (mph) in a 55 mph zone on eastbound Route
495. After the opening of a nonjury trial, defense counsel orally moved to dismiss the simplified
traffic information on speedy trial grounds (see CPL 30.30). The District Court denied the
motion. A deputy sheriff testified that he has been trained in visually estimating the rate of speed
of moving vehicles, and he is certified by the Suffolk County Police Academy to be accurate in
his estimates to within five mph. He estimated the speed of defendant's vehicle at 85 mph in a 55
mph zone. He is also trained to pace a vehicle and determine the speed of a moving vehicle based
on a reading of his speedometer. He stated that the speedometer of his police vehicle had been
calibrated and that he paced defendant traveling at 83 mph. Defendant testified that he had been
traveling at a speed of 70 mph as he was moving with traffic. Following the trial, defendant was
found guilty of speeding and sentenced to pay a fine of $675, and his license was revoked for one
year, as the People established that defendant had been convicted of three violations within the
previous 18-month period (see Vehicle and Traffic Law § 510 [2] [a] [iv]).
In an affidavit of errors (see CPL 460.10 [3]), defendant alleged that his motion to
dismiss the accusatory instrument due to a violation of his right to a speedy trial (see CPL
30.30) should have been granted; that the revocation of his driver's license was unduly harsh; and
that [*2]the evidence presented at trial was insufficient to
establish his guilt.
Viewing the evidence in the light most favorable to the People (see People v Contes,
60 NY2d 620, 621 [1983]), we find that defendant's guilt of speeding was established beyond a
reasonable doubt. The testimony by the deputy sheriff, who was qualified to visually estimate the
speed of moving vehicles, is, standing alone, sufficient to support a speeding conviction where,
as here, the variance between the officer's estimate of the speed of defendant's vehicle and the
posted speed limit is "sufficiently wide, so that [the factfinder] may be certain beyond a
reasonable doubt that . . . defendant exceeded the permissible limit" (People v Olsen, 22
NY2d 230, 232 [1968]; see People v Krasniqi, 58 Misc 3d 158[A], 2018 NY Slip Op
50245[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). Moreover, while the officer's
testimony was insufficient to establish the reliability of the speedometer used to pace defendant's
vehicle, the reading of an untested device, when taken in conjunction with a qualified officer's
visual estimate, is legally sufficient to establish the speed of a moving vehicle (see People v
Dusing, 5 NY2d 126, 128 [1959]).
Furthermore, upon the exercise of this court's factual review power (see CPL 470.15
[5]; People v Danielson, 9 NY3d
342, 348-349 [2007]), while according great deference to the factfinder's opportunity to view
the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888,
890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict
convicting defendant of speeding was not against the weight of the evidence (see People v Romero, 7 NY3d
633, 643-646 [2006]).
By delaying his oral motion to dismiss until after the opening of trial, defendant waived his
right to dismiss on speedy trial grounds and the issue is unpreserved for appellate review
(see CPL 170.45, 210.45 [1]; 255.20 [1]; People v Lindsey, 74 AD3d 988 [2010]; People v Sperandeo, 52 Misc 3d
135[A], 2016 NY Slip Op 51032[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists
2016]; People v Long, 44 Misc 3d
126[A], 2014 NY Slip Op 50949[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists
2014]). 
Finally, as the duration of the revocation of defendant's license has expired, we do not reach
any issue with respect thereto (see
People v Nicholson, 31 AD3d 468, 469 [2006]; People v Brucelis, 59 Misc 3d 132[A], 2018 NY Slip Op 50471[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Marrow, 52 Misc 3d 136[A], 2016 NY Slip Op 51046[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 24, 2021