People v Altman (2021 NY Slip Op 50886(U))

[*1]

People v Altman (Randolph)

2021 NY Slip Op 50886(U) [73 Misc 3d 127(A)]

Decided on September 16, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 16, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2020-597 S CR

The People of the State of New York,
Respondent,
against
Randolph Altman, Appellant. 

Lavallee Law Office, PLLC (Keith A. Lavallee of counsel), for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Debra Urbano-DeSalvo, J.H.O.), rendered March 10, 2020. The
judgment, after a nonjury trial, convicted defendant of speeding, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with speeding in that he drove a
vehicle at 98 miles per hour (mph) in violation of Vehicle and Traffic Law § 1180 (b),
which provides, in part, that "no person shall drive a vehicle at a speed in excess of fifty-five
miles per hour." Prior to the start of trial, defendant's attorney made an oral motion to dismiss the
accusatory instrument on the ground that defendant's statutory right to a speedy trial had been
violated (see CPL 170.30 [2]; 1.20 [11]). The People opposed the motion without making
any procedural objection, which motion the court denied.
At the nonjury trial, a trooper testified that he had received training in the visual estimation
of the speed of moving vehicles and that he could estimate such speed to within five mph of the
vehicle's actual speed; that he has been a trooper for over 13 years and every day he has had to
make visual estimations of the speed of moving vehicles, up to 20 to 30 times a day; that he
visually estimated the speed of defendant's vehicle to be 100 mph; that his radar device, which he
had tested the same day as the incident and found to be in proper working order, [*2]indicated that the speed of defendant's vehicle was 98 mph; and that
the radar device could determine the speed of a vehicle within one mph of the vehicle's actual
speed. Following the trial, the court found defendant guilty of driving a vehicle at 97 mph, and
sentenced him to a 30-day driver's license suspension and a $300 fine. An affidavit of errors and
court's return were subsequently submitted. On appeal, defendant contends that his trial attorney's
oral statutory speedy trial motion should have been granted; that the evidence was legally
insufficient; that the verdict was against the weight of the evidence; and that his sentence was
excessive.
While the judgment of conviction was rendered prior to the enactment of the 2020
amendments to CPL 30.30, we need not decide whether the newly enacted CPL 30.30 (1) (e)
should be applied retroactively here since defendant was charged solely with a traffic infraction
and the 30-day speedy trial time period of CPL 30.30 (1) (d) would only be applicable if (1) the
accusatory instrument accuses defendant of one or more offenses, (2) one or more of the offenses
is a violation, and (3) no offense is a crime. Although CPL 30.30 (1) (e) provides that for
purposes of that subdivision, a traffic infraction is an offense, and Vehicle and Traffic Law
§ 155 provides that a traffic infraction is not a crime, Penal Law § 10.00 (3) defines a
violation as "an offense, other than a 'traffic infraction.' " Consequently, since the accusatory
instrument did not also charge defendant with a violation, the court properly denied defendant's
motion.
Defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate
review since, at trial, he failed to raise the specific arguments he now makes on appeal
(see CPL 470.05 [2]; People v
Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61
[2001]; People v Gray, 86 NY2d 10 [1995]; People v Bynum, 70 NY2d 858
[1987]; People v Udzinski, 146 AD2d 245, 250 [1989]), and we decline to review this
contention in the interest of justice. Nevertheless, since there is no preservation requirement
associated with defendant's contention that the verdict by the court was against the weight of the
evidence, when requested by a defendant, this court necessarily determines whether all of the
elements of the crime charged were proven beyond a reasonable doubt as part of its weight of the
evidence review (see People v
Danielson, 9 NY3d 342, 348-349 [2007]; People v Thiel, 134 AD3d 1237 [2015]). Upon the exercise of our
factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d at
348-349), while according great deference to the factfinder's opportunity to view the witnesses,
hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888,
890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict
convicting defendant of speeding was not against the weight of the evidence (see People v Romero, 7 NY3d
633, 643-646 [2006]).
Defendant contends that, given his lack of a prior record, the imposition of a 30-day driver's
license suspension and a $300 fine was excessive. However, since defendant's affidavit of errors
does not raise any issue regarding the excessiveness of the fine, this issue has not been preserved
for appellate review (see People v Klein, 7 NY2d 264 [1959]; People v Sloane, 59 Misc 3d
143[A], 2018 NY Slip Op 50697[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018];
People v Rozario, 20 Misc 3d
76, 83 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]), and defendant is not
challenging the legality of the sentence (cf. People v Samms, 95 NY2d 52, 56 [2000]). In
any event, we find that defendant's sentence was neither harsh nor excessive (see People v
Suitte, 90 AD2d 80, 85 [1982]), and no extraordinary circumstances exist that warrant a
modification of the sentence in the interest of justice (see People v Hodges, 13 AD3d 979 [2004]; [*3]People v Dolphy, 257 AD2d 681 [1999]). 
Accordingly, the judgment of conviction is affirmed.
GARGUILO, J.P., EMERSON and DRISCOLL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 16, 2021