People v Espinal (2021 NY Slip Op 50946(U))

[*1]

People v Espinal (Douglas)

2021 NY Slip Op 50946(U) [73 Misc 3d 130(A)]

Decided on September 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2020-602 S CR

The People of the State of New York,
Respondent,
against
Douglas A. Espinal, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Patricia M. Filiberto, J.H.O.), rendered January 24, 2020. The
judgment convicted defendant, after a nonjury trial, of using a portable electronic device while
operating a motor vehicle while the vehicle is in motion, and imposed sentence. The appeal from
the judgment of conviction brings up for review that court's postconviction suspension of
defendant's driver's license.

ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, defendant was found guilty of using a portable electronic device
while operating a motor vehicle while the vehicle is in motion (Vehicle and Traffic Law §
1225-d [1]), and he was fined $150 and his driver's license was suspended for six months (see
Vehicle and Traffic Law § 510 [3] [a]).
Upon a defendant's request, this court must conduct a weight of the evidence review and,
thus, "a defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342,
348 [2007]). "Necessarily, in conducting its weight of the evidence review, a court must consider
the elements of the crime, for even if the prosecution's witnesses were credible their testimony
must prove the elements of the crime beyond a reasonable doubt" (id. at 349). If a finding
in favor of the defendant "would not have been unreasonable" (People v [*2]Curry, 112 AD3d 843, 844 [2013]), this court "must weigh
conflicting testimony, review any rational inferences that may be drawn from the evidence and
evaluate the strength of such conclusions" (Danielson, 9 NY3d at 348). Nonetheless,
great deference is accorded to the factfinder's opportunity to view the witnesses, hear their
testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v
Bleakley, 69 NY2d 490, 495 [1987]).
Insofar as is relevant to this appeal, Vehicle and Traffic Law § 1225-d (1) provides that
"no person shall operate a motor vehicle while using any portable electronic device while such
vehicle is in motion." A "portable electronic device" is defined as including a "hand-held mobile
telephone" (Vehicle and Traffic Law § 1225-d [2] [a]). Additionally, "[a] person who holds
a portable electronic device in a conspicuous manner while operating a motor vehicle . . . is
presumed to be using such device . . . [and t]he presumption established by this subdivision is
rebuttable by evidence tending to show that the operator was not using the device within the
meaning of this section" (Vehicle and Traffic Law § 1225-d [4]; see Vehicle and
Traffic Law § 1225-d [2] [b] [defining the word "using"]).
Here, a Suffolk County Police Officer testified at trial that he had observed defendant driving
a tractor trailer on a public highway while holding a black iPhone in his right hand above the
steering wheel. Consequently, the officer's testimony was legally sufficient to invoke the
presumption that defendant was "using" a portable electronic device within the meaning of
Vehicle and Traffic Law § 1225-d (2) (b) (see Vehicle and Traffic Law §
1225-d [1], [4]; People v Vogt, 70
Misc 3d 30 [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Hakim, 60 Misc 3d
137[A], 2018 NY Slip Op 51112[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
The burden was then on defendant to rebut that presumption by demonstrating that he was not
"using" such a device within the meaning of Vehicle and Traffic Law § 1225-d (2) (b)
(see Vehicle and Traffic Law § 1225-d [4]; People v Scheck, 65 Misc 3d 131[A], 2019 NY Slip Op 51571[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2019]). Defendant's testimony created an issue of
fact (see Lane, 7 NY3d at 890; People v Romero, 7 NY3d 633, 644-645 [2006]; Hakim, 60
Misc 3d 137[A], 2018 NY Slip Op 51112[U]; People v Devaul, 60 Misc 3d 130[A], 2018 NY Slip Op 50993[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2018]), which the court implicitly resolved
against defendant. On appeal, defendant has not provided a basis in the record to overturn the
court's credibility determination and, upon an independent review of the record, we are satisfied
that the guilty verdict was not against the weight of the evidence (see Scheck, 65 Misc 3d
131[A], 2019 NY Slip Op 51571[U]; Hakim, 60 Misc 3d 137[A], 2018 NY Slip Op
51112[U]; Devaul, 60 Misc 3d 130[A], 2018 NY Slip Op 50993[U]).
With respect to defendant's claims of bias, he failed to interpose "any specific, relevant
objections to the trial court's alleged bias" (People v Prado, 1 AD3d 533, 534 [2003], affd 4 NY3d 725
[2004]; People v Youngelman, 52
Misc 3d 136[A], 2016 NY Slip Op 51050[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2016]) and, thus, did not preserve his claims for appellate review (see People v Gold, 42 Misc 3d
139[A], 2014 NY Slip Op 50173[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014];
People v Bellamy, 5 Misc 3d
131[A], 2004 NY Slip Op 51347[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]).
In any event, there was nothing in the record to support defendant's contention that the court
acted in a manner that deprived him of a fair trial or demonstrated any bias toward him (see People v Coleman, 62 Misc 3d
127[A], 2018 NY Slip Op 51857[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]; Youngelman, 52 [*3]Misc 3d 136[A], 2016 NY
Slip Op 51050[U]). 
Contrary to defendant's contention, Vehicle and Traffic Law § 510 (3) (a) authorizes the
suspension of a driver's license by the court upon a judgment convicting a driver of violating
Vehicle and Traffic Law § 1180 (b) (see also Penal Law § 60.30), and Vehicle
and Traffic Law § 1690 (1) authorizes a judicial hearing officer to "entertain the case in the
same manner as a court" (see People v
Cataldo, 57 Misc 3d 153[A], 2017 NY Slip Op 51597[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2017]; see
generally Matter of Dolce v Nassau County Traffic and Parking Violations Agency, 7 NY3d
492 [2006]). Additionally, an appellate court can review a claim pertaining to a court's
postconviction license suspension on appeal "as part of the judgment of conviction" (Penal Law
§ 60.30; see generally People v
Nieves, 2 NY3d 310, 315 [2004]). 
We find that the suspension issued in this matter was permissive, pursuant to Vehicle and
Traffic Law § 510 (3) (a), rather than mandatory (see Vehicle and Traffic Law
§ 510 [2] [b] [xvi], [xvii]) and, thus, the length of the suspension was not statutorily
mandated. Prior to suspending defendant's license, the court examined his driver's abstract and
noted for the record that, as a tractor trailer truck driver, defendant has a heightened
responsibility. Based on this aggravating factor, it was not an improvident exercise of discretion
for the court to have suspended defendant's license for a period of six months (see People v Crowley, 66 Misc 3d
133[A], 2019 NY Slip Op 52115[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]).
Moreover, contrary to defendant's contention, the imposition of both a fine and a driver's license
suspension does not violate the constitutional protection against double jeopardy.
Defendant's constitutional challenge to CPL 350.20 (5) (see also Vehicle and Traffic
Law § 1690 [1]), which authorizes a referral for trial to a judicial hearing officer without
consent of the parties, was not raised in the District Court. Consequently, this challenge is not
preserved for appellate review and will not be reviewed on this appeal (see CPL 470.05
[2]; People v Iannelli, 69 NY2d 684, 685 [1986]; People v Reyes, 4 AD3d 541 [2004]; People v Bruce-Ross, 59 Misc 3d
143[A], 2018 NY Slip Op 50696[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]).
Defendant's contention pertaining to the imposition of an administrative fee is not preserved
for appellate review, as he failed to raise an objection in the District Court when it imposed the
fee (see CPL 470.05 [2]; People
v Massian, 60 Misc 3d 134[A], 2018 NY Slip Op 51049[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2018]). In any event, it is without merit (see General Municipal
Law § 370 [3]; Code of Suffolk County §§ 818-77 [A]; 818-78 [2]; People v
Ruiz,64 Misc 3d 127[A], 2019 NY Slip Op 50984[U] [App Term, 2d Dept, 9th & 10th
Jud Dists 2019]; Massian, 60 Misc 3d 134[A], 2018 NY Slip Op 51049[U]; People v Gray, 58 Misc 3d
155[A], 2018 NY Slip Op 50184[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]).
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 23, 2021