People v Lopez (2021 NY Slip Op 51016(U))

[*1]

People v Lopez (Omar)

2021 NY Slip Op 51016(U) [73 Misc 3d 133(A)]

Decided on October 14, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 14, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, HELEN
VOUTSINAS, JJ

2020-730 W CR

The People of the State of New York,
Appellant, 
against
Omar Lopez, Respondent. 

Westchester County District Attorney (Brian R. Pouliot and William C. Milaccio of counsel), for
appellant.
Omar Lopez, respondent pro se (no brief filed).

Appeal from an order of the City Court of New Rochelle, Westchester County (Susan I.
Kettner, J.), dated March 9, 2020. The order granted defendant's motion to dismiss the accusatory
instrument on statutory speedy trial grounds.

ORDERED that the order is reversed, on the law, defendant's motion to dismiss the
accusatory instrument on statutory speedy trial grounds is denied, and the matter is remitted to
the City Court for all further proceedings. 
Insofar as is relevant to this appeal, in September 2019, defendant was arraigned on an
accusatory instrument that charged him solely with driving while ability impaired (Vehicle and
Traffic Law § 1192 [1]), a traffic infraction. Thereafter, the People were not ready for trial
and the City Court informed the People that they would be charged with the time from November
4, 2019 to December 17, 2019. In January 2020, defense counsel moved to dismiss the
accusatory instrument on the ground that defendant's statutory right to a speedy trial had been
violated as the People were charged with more than 30 days of delay, citing CPL 30.30 (1) (d),
(e). The People opposed the motion, to which defendant replied. By order dated March 9, 2020,
the City Court granted defendant's motion, finding that, pursuant to CPL 30.30 (1) (e), the traffic
infraction of driving while ability impaired is an offense for purposes of that subdivision, that
more than 30 days of delay were chargeable to the People, and, thus, that defendant's statutory
right to a speedy [*2]trial, pursuant to CPL 30.30 (1) (d), had
been violated.
On appeal, the People argue that the statutory speedy trial provisions of CPL 30.30 (1) (d) do
not apply to this accusatory instrument, which solely charges a traffic infraction. We agree. 
CPL 30.30 was amended to enact paragraph (1) (e), effective January 1, 2020. CPL 30.30 (1)
(d) and (e) provide that a speedy trial motion to dismiss an accusatory instrument:
"1. . . . must be granted where the people are not ready for trial
within:
. . .
(d) thirty days of the
commencement of a criminal action wherein the defendant is accused of one or more offenses, at
least one of which is a violation and none of which is a
crime.
(e) for the purposes of this subdivision, the term offense
shall include vehicle and traffic law infractions."
At the outset, we note
that Vehicle and Traffic Law § 155 provides that a traffic infraction is not a crime and that
Penal Law § 10.00 (3) defines a violation as "an offense, other than a 'traffic infraction.' " If,
in enacting CPL 30.30 (1) (e), the legislature wanted CPL 30.30 (1) (d) to apply to an accusatory
instrument which charges one (or more) traffic infraction(s) only, it would have had to
simultaneously amend CPL 30.30 (1) (d) by deleting the words, "at least one of which is a
violation." As the legislature failed to so amend CPL 30.30 (1) (d), the statutory speedy trial
requirements of CPL 30.30 (1) (d) would not apply to this proceeding (see e.g. People v Gordon, 2 Misc 3d
134[A], 2004 NY Slip Op 50190[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004])
and, therefore, we need not decide whether the newly enacted CPL 30.30 (1) (e), effective
January 1, 2020, should be applied here. 
Accordingly, the order is reversed, defendant's motion to dismiss the accusatory instrument
on statutory speedy trial grounds is denied and the matter is remitted to the City Court for all
further proceedings. 
EMERSON, J.P., GARGUILO and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 14, 2021