People v Smith (2021 NY Slip Op 51071(U))

[*1]

People v Smith (Stacey)

2021 NY Slip Op 51071(U) [73 Misc 3d 136(A)]

Decided on November 10, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through November 16, 2021; it
will not be published in the printed Official Reports.

Decided on November 10, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2020-999 S CR

The People of the State of New York,
Respondent,
against
Stacey Smith, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from judgments of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Debra Urbano-DiSalvo, J.H.O.), rendered November 16, 2020. The
judgments convicted defendant, after a trial in absentia, of failing to stop at a stop sign and
speeding, respectively, and imposed sentences. The appeal brings up for review an order of that
court (Allen S. Mathers, J.H.O.) dated August 17, 2020 denying defendant's motion to dismiss
the simplified traffic informations on statutory speedy trial grounds.

ORDERED that the judgments of conviction are reversed, on the law, the fines, if paid, are
remitted, and the matter is remitted to the District Court of Suffolk County, Suffolk County
Traffic and Parking Violations Agency, for a new trial.
Defendant was charged in separate simplified traffic informations with failing to stop at a
stop sign (Vehicle and Traffic Law § 1172 [a]) and speeding (Vehicle and Traffic Law
§ 1180 [d]), respectively. Defendant subsequently moved to dismiss the simplified traffic
informations on statutory speedy trial grounds. By order dated August 17, 2020, the District
Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (SCTPVA)
denied the motion. On November 16, 2020, defendant failed to appear in court and, after a brief
trial was conducted [*2]in both defendant's and his counsel's
absence, the SCTPVA convicted defendant of the charges and imposed sentences.
On appeal, defendant initially contends that the SCTPVA should have granted his motion to
dismiss the simplified traffic informations on statutory speedy trial grounds. However, the 30-day
time period of CPL 30.30 (1) (d) is not applicable here as the only charge in each accusatory
instrument was a traffic infraction (see People v Lopez, ___ Misc 3d ___, 2021 NY Slip
Op 51016[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Altman, 73 Misc 3d
127[A], 2021 NY Slip Op 50886[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]).
Consequently, defendant's motion was properly denied.
Relying, in part, on a November 13, 2020 memorandum from the Chief Administrative
Judge for the Courts of the State of New York, pertaining to "Revised Pandemic Procedures in
the Trial Courts," which instructed that, commencing on November 16, 2020, all future bench
trials and hearings would be conducted virtually unless the respective Deputy Chief
Administrative Judge permitted otherwise, defendant further contends that the court improperly
conducted a trial in absentia. 
A defendant's right to be present in the courtroom during his or her trial is one of the most
basic rights guaranteed by the Federal Constitution (US Const 6th Amend), the New York State
Constitution (NY Const, art I, § 6), and by statute (CPL 260.20, 340.50; see People v
Parker, 57 NY2d 136, 142 [1982]). Where a defendant fails to appear at trial and there is no
basis to conclude that the defendant was aware that a trial could proceed in his or her absence,
before proceeding, the court should make an inquiry to determine whether the absence was
deliberate and recite on the record the facts and the reasons it relied upon in making that
determination (see People v Redzeposki, 7 NY3d 725, 726 [2006]; People v
Brooks, 75 NY2d 898, 899 [1990]; Parker, 57 NY2d at 141-142). In fact, even where
"a defendant has waived the right to be present at trial by not appearing after being apprised of
the right and the consequences of nonappearance, trial in absentia is not thereby automatically
authorized" (Parker, 57 NY2d at 142). Rather, before proceeding in the defendant's
absence, under these circumstances, the court must consider "all appropriate factors, including
the possibility that defendant could be located within a reasonable period of time, the difficulty of
rescheduling trial and the chance that evidence will be lost or witnesses will disappear"
(id.). 
Here, no inquiry was made, there was no effort to attempt to locate defendant, and the court
failed to consider the difficulty of rescheduling the trial. Under the circumstances, it was error for
the SCTPVA to proceed with defendant's trial in his absence, and, accordingly, the conviction
must be reversed and a new trial ordered (see People v June, 116 AD3d 1094 [2014]; People v
Sumner, 254 AD2d 537 [1998]; People v Lamb, 235 AD2d 829 [1997]; People v
Smiley, 200 AD2d 777 [1994]; People v Scott, 104 AD2d 667 [1984]; People v Lobato, 63 Misc 3d
137[A], 2019 NY Slip Op 50527[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019];
[*3]People v Palmer, 63 Misc 3d 137[A], 2019 NY Slip Op
50526[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]).
In view of the foregoing, we need not pass upon whether defendant was entitled to rely upon
the November 13, 2020 memorandum from the Chief Administrative Judge for the Courts of the
State of New York, since, even if defendant was, the remedy would be the same, to wit, a new
trial. 
Accordingly, the judgments of conviction are reversed, and the matter is remitted to the
District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency, for a
new trial.
EMERSON, J.P., DRISCOLL and VOUTSINAS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 10, 2021