People v Wahl (2022 NY Slip Op 22145)

People v Wahl

2022 NY Slip Op 22145 [75 Misc 3d 40]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, July 6, 2022

[*1]

The People of the State of New York, Respondent,
v
Michael Wahl, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, April 28, 2022

APPEARANCES OF COUNSEL

Scott Lockwood for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel) for respondent.

{**75 Misc 3d at 41} OPINION OF THE COURT

Memorandum.

Ordered that the judgment convicting defendant of failing to comply with a lawful order of a police officer is reversed, on the facts, the simplified traffic information charging this offense is dismissed, and the fine imposed for this offense, if paid, is remitted; and it is further ordered that the remaining judgments of conviction are affirmed.
Defendant was charged in 10 separate simplified traffic informations with failing to comply with a lawful order of a police officer (Vehicle and Traffic Law § 1102), two charges of following another vehicle too closely (Vehicle and Traffic Law § 1129 [a]), three charges of making an unsafe lane change (Vehicle and Traffic Law § 1163 [a]), three charges of failing to [*2]{**75 Misc 3d at 42}signal when changing lanes (Vehicle and Traffic Law § 1163 [d]), and speeding (Vehicle and Traffic Law § 1180 [b]), respectively. After a nonjury trial, defendant was convicted of the charges and sentenced.
As the sufficiency of the accusatory instruments must be determined based on the allegations set forth within the four corners of the instruments themselves or in the annexed supporting depositions, the trial testimony of the officer pertaining to where the traffic infractions occurred cannot be considered when determining the facial sufficiency of the simplified traffic informations (see People v Carpenter, 65 Misc 3d 132[A], 2019 NY Slip Op 51605[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). As the only challenged accusatory instruments—the simplified traffic informations charging defendant with violations of Vehicle and Traffic Law §§ 1102 and 1163 (a)—on their face substantially conformed to the form prescribed by the Commissioner of Motor Vehicles (see CPL 100.25 [1]; 100.40 [2]; Regulations of Commissioner of Motor Vehicles [15 NYCRR] part 91), and provided the court with sufficient information to establish that it had jurisdiction to hear the case, they were facially sufficient (see Carpenter, 2019 NY Slip Op 51605[U]; People v Mayeri, 34 Misc 3d 142[A], 2012 NY Slip Op 50093[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
[1] Defendant failed to preserve his legal insufficiency claim pertaining to his conviction of Vehicle and Traffic Law § 1102 for appellate review since he did not raise the same arguments now made on appeal with specificity before the District Court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). Nonetheless, upon defendant's request, this court must conduct a weight of the evidence review and, thus, "defendant will be given one appellate review of adverse factual findings" (People v Danielson, 9 NY3d 342, 348 [2007]). Although the police officer testified that defendant, the operator of the vehicle, had failed to pull over and stop after the officer had activated the emergency lights and siren of his patrol car, this failure did not constitute a violation of Vehicle and Traffic Law § 1102. The officer provided no testimony regarding any specific order or direction he had given to defendant (see People v Krasniqi, 58 Misc 3d 158[A], 2018 NY Slip Op 50245[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). Consequently, we reverse the judgment convicting defendant of violating Vehicle and Traffic Law § 1102 as being against the weight of the evidence and dismiss the{**75 Misc 3d at 43} simplified traffic information charging defendant with this offense.
Defendant's sole evidentiary contention pertaining to the three convictions of Vehicle and Traffic Law § 1163 (a) is that the People failed to prove that his lane changes were made without reasonable safety to the other vehicles on the highway, as required by the statute. Here, the officer testified that he had observed defendant's vehicle, traveling at 140 miles per hour, change from the middle lane to the left lane without signaling after "tailgating" a vehicle which had also been traveling in the middle lane. Then, after the officer observed defendant's vehicle tailgating a second vehicle, this time in the left lane, defendant changed back to the middle lane directly in front of the first vehicle that he had been tailgating. Thereafter, the officer observed defendant change back to the left lane, without signaling, directly in front of the second vehicle that he had been tailgating. The officer further testified that defendant did not signal before making any of his numerous lane changes. Consequently, defendant's convictions of the three charges of [*3]violating Vehicle and Traffic Law § 1163 (a) were based on legally sufficient evidence and were not against the weight of the evidence (see People v Isler, 67 Misc 3d 143[A], 2020 NY Slip Op 50746[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Anand, 65 Misc 3d 151[A], 2019 NY Slip Op 51875[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Adelman, 62 Misc 3d 141[A], 2019 NY Slip Op 50084[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]).
Defendant's sole contention pertaining to the three convictions of Vehicle and Traffic Law § 1163 (d) is that the People failed to establish that the highway that defendant was driving on was divided by clearly marked lanes and that the court should not have taken judicial notice of this fact. However, the record establishes that the court did not take judicial notice of the lane markings on the Long Island Expressway; rather, the record demonstrates that the court inferred from the officer's testimony to the effect that he saw defendant's vehicle moving from lane to lane to "mean that [he] saw the lanes and saw the lines." Consequently, defendant's convictions of the three charges of violating Vehicle and Traffic Law § 1163 (d) were based on legally sufficient evidence and were not against the weight of the evidence (see People v Garafalo, 67 Misc 3d 141[A], 2020 NY Slip Op 50722[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Chittenden, 52 Misc 3d 142[A],{**75 Misc 3d at 44} 2016 NY Slip Op 51195[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
As to defendant's conviction of speeding (Vehicle and Traffic Law § 1180 [b]), the testimony of a police officer who is qualified to visually estimate the speed of moving vehicles, standing alone, is sufficient to support a speeding conviction where, as here, the variance between the officer's estimate of the speed of defendant's vehicle and the state maximum speed limit is "sufficiently wide so that [the factfinder] may be certain beyond a reasonable doubt that . . . defendant exceeded the permissible limit" (People v Olsen, 22 NY2d 230, 232 [1968]; People v Tamberlane, 72 Misc 3d 128[A], 2021 NY Slip Op 50592[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]). Moreover, a police officer's trained visual estimate and his use of a speedometer to confirm that estimate is sufficient, even without proof of the speedometer's calibration (see People v Goldberg, 61 Misc 3d 129[A], 2018 NY Slip Op 51389[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Kennedy, 49 Misc 3d 138[A], 2015 NY Slip Op 51564[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Campbell, 16 Misc 3d 128[A], 2007 NY Slip Op 51278[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; see generally People v Dusing, 5 NY2d 126, 128 [1959]). Consequently, viewed in a light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), the evidence was legally sufficient to establish a violation of Vehicle and Traffic Law § 1180 (b) (see Dusing, 5 NY2d at 128; Tamberlane, 2021 NY Slip Op 50592[U]; Isler, 2020 NY Slip Op 50746[U]). Moreover, defendant's conviction of this offense was not against the weight of the evidence (see Garafalo, 2020 NY Slip Op 50722[U]).
[2] Contrary to defendant's contention, Vehicle and Traffic Law § 510 (3) (a) authorizes the suspension of a driver's license by the court upon a judgment convicting a driver of violating Vehicle and Traffic Law § 1180 (b) (see also Penal Law § 60.30), and Vehicle and Traffic Law § 1690 (1) authorizes a judicial hearing officer to "entertain the case in the same manner as a court" (see People v Espinal, 73 Misc 3d 130[A], 2021 NY Slip Op 50946[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2021]). Additionally, an appellate court can review a claim pertaining to a court's postconviction license suspension on appeal "as part of the judgment of conviction" (Penal Law § 60.30; see Espinal, 2021 NY Slip Op 50946[U]). We find that the postconviction license suspension imposed in this matter was{**75 Misc 3d at 45} permissive, pursuant to Vehicle and Traffic Law § 510 (3) (a), rather than mandatory and, thus, the length of the suspension was not statutorily mandated (see Espinal, 2021 NY Slip Op 50946[U]). Consequently, it was not an improvident exercise of discretion for the court to have suspended defendant's license for a period of 18 months.
Defendant's remaining contention raised in his appellant's brief, pertaining to an alleged CPL 30.30 violation, goes beyond the scope of what was raised in the affidavit of errors and, consequently, that claim is unpreserved for appellate review (see People v Sarant, 60 Misc 3d 140[A], 2018 NY Slip Op 51270[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Massian, 60 Misc 3d 134[A], 2018 NY Slip Op 51049[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Pomerantz, 59 Misc 3d 133[A], 2018 NY Slip Op 50482[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). In any event, it should be noted that this court has previously held that the 30-day time period of CPL 30.30 (1) (d) is not applicable in an action commenced by an accusatory instrument that only charges a defendant with a traffic infraction (see People v Lopez, 73 Misc 3d 133[A], 2021 NY Slip Op 51016[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Altman, 73 Misc 3d 127[A], 2021 NY Slip Op 50886[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]).
Accordingly, the judgment convicting defendant of failing to comply with a lawful order of a police officer is reversed and the remaining judgments of conviction are affirmed.
Driscoll, J.P., Emerson and Voutsinas, JJ., concur.