People v Karathanos (2022 NY Slip Op 51105(U))

[*1]

People v Karathanos (John)

2022 NY Slip Op 51105(U) [77 Misc 3d 126(A)]

Decided on October 20, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 20, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2021-676 S CR

The People of the State of New
York, Respondent,
against
John G. Karathanos, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for
respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County
Traffic and Parking Violations Agency (Lewis Silverman, J.H.O.), rendered October 15,
2021. The judgment convicted defendant, after a nonjury trial, of speeding, and imposed
sentence. The appeal from the judgment of conviction brings up for review an order of
that court (Allen S. Mathers, J.H.O.) dated October 11, 2021 denying defendant's motion
to transfer the matter to the District Court and dismiss the simplified traffic information
on statutory speedy trial grounds.

ORDERED that the judgment of conviction is affirmed.
On April 29, 2020, defendant was charged in a simplified traffic information with
speeding (Vehicle and Traffic Law § 1180 [b]) on the Long Island Expressway.
Defendant moved to transfer the matter to the District Court of Suffolk County and, upon
such transfer, to dismiss the simplified traffic information based on statutory speedy trial
grounds and a violation of Vehicle and Traffic Law § 1806-a. The People opposed
the motion and, in an order dated October 11, 2021, the District Court of Suffolk County,
Suffolk County Traffic and Parking Violations Agency (SCTPVA) (Allen S. Mathers,
J.H.O.) denied it. Following a nonjury trial, at which both the police officer who issued
the traffic summons and defendant testified, the SCTPVA (Lewis Silverman, J.H.O.)
found defendant guilty and imposed sentence.
CPL 350.20 (5) provides that "for all proceedings before the district court of Suffolk
[*2]county, the administrative judge of Suffolk county
may, without the consent of the parties, assign matters involving traffic and parking
infractions [with certain] except[ions] . . . to a judicial hearing officer in accordance with
the provisions of [Vehicle and Traffic Law § 1690]." Vehicle and Traffic Law
§ 1690 (1) (a) authorizes a judicial hearing officer at the SCTPVA to "entertain the
case in the same manner as a court" and to, among other things, "determine all questions
of law" (see People v Epakchi, 37 NY3d 39, 42, n 2 [2022] ["A JHO (at the
SCTPVA) may adjudicate low-level traffic violations"]; People v Iverson, 37 NY3d
98, 102 [2021]; Matter of
Dolce v Nassau County Traffic and Parking Violations Agency, 7 NY3d 492
[2006]; People v Cataldo,
57 Misc 3d 153[A], 2017 NY Slip Op 51597[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2017]). "In the discharge of this responsibility, the judicial hearing officer
shall have the same powers as a judge of the court in which the proceeding is pending"
(Vehicle and Traffic Law § 1690 [2]), and "[a]ny action taken by a judicial hearing
officer in the conduct of a trial or other disposition thereof shall be deemed the action of
the court in which the proceeding is pending" (Vehicle and Traffic Law § 1690 [3]).
Consequently, as this court has previously determined, a judicial hearing officer at the
SCTPVA has the authority to hear and decide a pretrial motion, which is part of
adjudicating a traffic offense (see People v Ruiz, 64 Misc 3d 127[A], 2019 NY Slip Op
50984[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]).
With regard to the merits of defendant's pretrial motion, the 30-day time period of
CPL 30.30 (1) (d) is not applicable here as the only charge in the accusatory instrument
was a traffic infraction (see
People v Smith, 73 Misc 3d 136[A], 2021 NY Slip Op 51071[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2021]; People v Navon, 73 Misc 3d 136[A], 2021 NY Slip Op
51070[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Lopez, 73 Misc 3d
133[A], 2021 NY Slip Op 51016[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2021]; People v Altman, 73
Misc 3d 127[A], 2021 NY Slip Op 50886[U] [App Term, 2d Dept, 9th & 10th
Jud Dists 2021]). Additionally, despite defendant's contention to the contrary, Vehicle
and Traffic Law § 1806-a (1) is not a speedy trial provision and, in any event, is not
applicable here as the record demonstrates that defendant timely answered the summons
and appeared in the action. Consequently, defendant's pretrial motion was properly
denied.
The testimony of a police officer who is qualified to visually estimate the speed of
moving vehicles, standing alone, is sufficient to support a speeding conviction where, as
here, the variance between the officer's estimate of the speed of defendant's vehicle and
the state maximum speed limit is "sufficiently wide, so that [the factfinder] may be
certain beyond a reasonable doubt that . . . defendant exceeded the permissible limit"
(People v Olsen, 22 NY2d 230, 232 [1968]; People v Tamberlane, 72 Misc 3d 128[A], 2021 NY Slip
Op 50592[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]). Consequently,
contrary to defendant's contention, the evidence was legally sufficient to establish a
violation of Vehicle and Traffic Law § 1180 (b). As the People did not require the
reading taken by the laser device used by the officer to measure defendant's vehicle's
speed to establish their prima facie case, even if the device's calibration records,
requested by defense counsel at trial, were subject to automatic discovery, there is no
reasonable possibility that the failure to provide those records contributed to the verdict
(see People v Machado, 90 NY2d 187, 188-189 [1997] [under the former
discovery statutes]; People v Jackson, 78 NY2d 638, 649 [1991] [same]).
As to the weight of the evidence, the court specifically stated that it found the
officer's [*3]testimony credible and defendant's testimony
not credible. Upon an independent review of the record, we find no basis to overturn the
court's credibility determinations. Moreover, even accepting defendant's testimony as
true, defendant failed to establish a justification defense since his conduct was not
required or authorized by law or by a judicial decree (see Penal Law § 35.05
[1]), and it was not "necessary as an emergency measure to avoid an imminent public or
private injury which [wa]s about to occur by reason of a situation occasioned or
developed through no fault of [defendant], and which [wa]s of such gravity that,
according to ordinary standards of intelligence and morality, the desirability and urgency
of avoiding such injury clearly outweighed the desirability of avoiding the injury sought
to be prevented by" Vehicle and Traffic Law § 1180 (Penal Law § 35.05 [2]).
Consequently, the People were not required to disprove defendant's testimony, and we
are satisfied that the verdict convicting defendant of violating Vehicle and Traffic Law
§ 1180 (b) was not against the weight of the evidence.
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 20,
2022