People v Scafe (2022 NY Slip Op 51360(U))

[*1]

People v Scafe (Naheem)

2022 NY Slip Op 51360(U) [77 Misc 3d 138(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2021-481 S CR

The People of the State of New
York, Respondent,
against
Naheem A. Scafe, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for
respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County
Traffic and Parking Violations Agency (Stephen Bucaria, J.H.O.), rendered August 4,
2021. The judgment convicted defendant, after a nonjury trial, of speeding, and imposed
sentence.

ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, the judicial hearing officer (JHO) at the Suffolk County
Traffic and Parking Violations Agency (SCTPVA) found defendant guilty of speeding
(Vehicle and Traffic Law § 1180 [b]) for driving 100 miles per hour (mph) in a 55
mph zone and imposed sentence.
Defendant's contention that the JHO who presided over the trial was prohibited from
serving as a JHO in Suffolk County since he is a resident of Nassau County was first
raised in a postjudgment motion and, thus, is not reviewable by this court on the instant
appeal from the judgment of conviction.
The pretrial suspension of defendant's driver's license, which can be suspended
without notice pending prosecution (see Vehicle and Traffic Law § 510
[3-a]), was an administrative act that is not reviewable on a direct appeal (see
CPL 450.10, 450.15; People
v Glatman, 75 Misc 3d 131[A], 2022 NY Slip Op 50444[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2022]; People v Acevedo-Contreras, 74 Misc 3d 138[A], 2022 NY
Slip Op 50308[U] [App Term, 2d Dept, 9th [*2]&
10th Jud Dists 2022]; People v
Flierl, 73 Misc 3d 136[A], 2021 NY Slip Op 51066[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2021]), but rather is reviewable by the Supreme Court in an article
78 proceeding (see Vehicle and Traffic Law § 510 [7]; Glatman,
2022 NY Slip Op 50444[U]; Acevedo-Contreras, 2022 NY Slip Op 50308[U];
Flierl, 2021 NY Slip Op 51066[U]).
Defendant's contentions pertaining to his posttrial license suspension can be
reviewed on appeal "as part of the judgment of conviction" (Penal Law § 60.30; see People v Wahl, 75 Misc 3d
40, 44 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Espinal, 73 Misc 3d
130[A], 2021 NY Slip Op 50946[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2021]; see generally People v Hicks, 51 AD2d 751 [1976]; People v
Yost, 50 AD2d 577 [1975]; cf. CPL 510 [7]). This court has found that
Vehicle and Traffic Law § 510 (3) (a) authorizes the suspension of a driver's license
by the court upon a judgment convicting a driver of violating Vehicle and Traffic Law
§ 1180 (b) (see also Penal Law § 60.30) and that, since Vehicle and
Traffic Law § 1690 (1) authorizes a JHO to "entertain the case in the same manner
as a court," a JHO at the SCTPVA is authorized to impose such a suspension (see
Wahl, 75 Misc 3d at 44;
People v Cataldo, 57 Misc 3d 153[A], 2017 NY Slip Op 51597[U] [App Term,
2d Dept, 9th & 10th Jud Dists 2017]; see generally Matter of Dolce v Nassau County Traffic and Parking
Violations Agency, 7 NY3d 492 [2006]). Here, the record demonstrates that,
upon defendant's conviction, prior to suspending his license, the court examined his
driver's abstract and took into account the fact that defendant's license had already been
suspended pending the outcome of the trial. Furthermore, the order of suspension
indicated that it had "appear[ed] to the court that defendant's continued operation of a
motor vehicle may constitute a danger to the public welfare and safety." Consequently, as
this was a permissive suspension, pursuant to Vehicle and Traffic Law § 510 (3)
(a), it was not an improvident exercise of discretion for the court to have suspended
defendant's driver's license for a period of nine months (see Wahl, 75 Misc 3d at
44; People v Crowley, 66
Misc 3d 133[A], 2019 NY Slip Op 52115[U] [App Term, 2d Dept, 9th & 10th
Jud Dists 2019]). Moreover, we reject defendant's contention that, when combined with
the length of his pretrial license suspension, the posttrial license suspension constituted
cruel and unusual punishment. 
Among other things, Vehicle and Traffic Law § 1690 (1) (a) authorizes a JHO
at the SCTPVA to "determine all questions of law" (see People v Epakchi, 37
NY3d 39, 42, n 2 [2022] ["A JHO (at the SCTPVA) may adjudicate low-level traffic
violations"]; People v
Iverson, 37 NY3d 98, 102 [2021]; Dolce, 7 NY3d 492; Cataldo,
2017 NY Slip Op 51597[U]). "In the discharge of this responsibility, the [JHO] shall
have the same powers as a judge of the court in which the proceeding is pending"
(Vehicle and Traffic Law § 1690 [2]), and "[a]ny action taken by a [JHO] in the
conduct of a trial or other disposition thereof shall be deemed the action of the court in
which the proceeding is pending" (Vehicle and Traffic Law § 1690 [3]).
Consequently, as this court has previously determined, a JHO at the SCTPVA has the
authority to hear and decide a pretrial motion, which is part of adjudicating a traffic
offense (see People v
Karathanos, 77 Misc 3d 126[A], 2022 NY Slip Op 51105[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2022]; People v Ruiz, 64 Misc 3d 127[A], 2019 NY Slip Op
50984[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]).
Defendant's constitutional challenges to CPL 350.20 (5) and Vehicle and Traffic
Law § 1690 (1), which authorize a referral of a traffic or parking infraction to a
JHO for trial without [*3]consent of the parties, was not
raised in the District Court. Consequently, this challenge is not preserved for appellate
review and will not be reviewed on this appeal (see CPL 470.05 [2]; People v
Iannelli, 69 NY2d 684, 685 [1986]; People v Reyes, 4 AD3d 541 [2004]; Espinal, 2021
NY Slip Op 50946[U]; People v
Bruce-Ross, 59 Misc 3d 143[A], 2018 NY Slip Op 50696[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2018]). 
The statutory scheme establishing the role of traffic prosecutors, who are authorized
to appear in any court where appropriate to the exercise of their mandate (see
General Municipal Law § 374; see generally General Municipal Law art
14-B), has been upheld against repeated constitutional and statutory challenges (see
Dolce, 7 NY3d 492; People
v Austin, 67 Misc 3d 143[A], 2020 NY Slip Op 50743[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2020]; Ruiz, 2019 NY Slip Op 50984[U]; People v Clark, 64 Misc 3d
127[A], 2019 NY Slip Op 50980[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2019]; People v Celauro, 25
Misc 3d 126[A], 2009 NY Slip Op 52015[U] [App Term, 2d Dept, 9th & 10th
Jud Dists 2009]).
In People v Galindo (38
NY3d 199 [2022]), the Court of Appeals held that the amendments to the statutory
speedy trial provisions of CPL 30.30, effective January 1, 2020, do not apply
retroactively to criminal actions commenced before the amendments' effective date.
Consequently, because the amended statute was not in effect when the instant action
against defendant was commenced in 2019, the amended provisions of CPL 30.30 relied
upon by defendant have no application to his direct appeal from the judgment of
conviction herein (see Galindo, 38 NY3d at 207). In any event, the statutory
speedy trial provisions of CPL 30.30, as amended effective January 1, 2020, are not
applicable to an accusatory instrument that solely charges a defendant with a traffic
infraction, such as is the case herein (see People v Smith, 73 Misc 3d 136[A], 2021 NY Slip Op
51071[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Navon, 73 Misc 3d
136[A], 2021 NY Slip Op 51070[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2021]; People v Lopez, 73
Misc 3d 133[A], 2021 NY Slip Op 51016[U] [App Term, 2d Dept, 9th & 10th
Jud Dists 2021]; People v
Altman, 73 Misc 3d 127[A], 2021 NY Slip Op 50886[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2021]). Additionally, despite defendant's contention to the
contrary, Vehicle and Traffic Law § 1806-a (1) is not a speedy trial provision
(see Karathanos, 2022 NY Slip Op 51105[U]).
Upon a defendant's request, this court must conduct a weight of the evidence review
and, thus, "a defendant will be given one appellate review of adverse factual findings"
(People v Danielson, 9
NY3d 342, 348 [2007]). In fulfilling our responsibility to conduct an independent
review of the weight of the evidence (see CPL 470.15 [5]; Danielson, 9
NY3d 342), we accord great deference to the factfinder's opportunity to view the
witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d
888 [2006]; People v Bleakley, 69 NY2d 490 [1987]). The testimony of an
officer qualified to visually estimate the speed of moving vehicles is, standing alone,
sufficient to support a speeding conviction where, as here, the variance between the
officer's visual observation of the speed of defendant's vehicle (100 mph) and the posted
speed limit (55 mph) is "sufficiently wide, so that [the factfinder] may be certain beyond
a reasonable doubt that the defendant exceeded the permissible limit" (People v
Olsen, 22 NY2d 230, 232 [1968]; see Acevedo-Contreras, 2022 NY Slip Op
50308[U]; People v
Tamberlane, 72 Misc 3d 128[A], 2021 NY Slip Op 50592[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2021]). In view of the foregoing, we find that the verdict
convicting defendant of [*4]speeding was not against the
weight of the evidence (see
People v Romero, 7 NY3d 633, 643-646 [2006]; Acevedo-Contreras,
2022 NY Slip Op 50308[U]; People v Forrester, 71 Misc 3d 127[A], 2021 NY Slip Op
50229[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2022