People v Bianculli (2023 NY Slip Op 50451(U))

[*1]

People v Bianculli (Frank)

2023 NY Slip Op 50451(U)

Decided on April 20, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 20, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, GRETCHEN WALSH, JJ

2022-283 S CR

The People of the State of New York, Respondent, 
against
Frank Bianculli, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Kenneth Diamond, J.H.O.), rendered March 17, 2022. The judgment convicted defendant, upon a plea of guilty, of speeding in a school zone, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged by simplified traffic information with speeding in a school zone in violation of Vehicle and Traffic Law § 1180 (c). On March 17, 2022, defendant initially pleaded not guilty and requested a two-month adjournment to consider the People's plea offer of, among other things, a 30-day postconviction license suspension. The People thereupon applied, pursuant to Vehicle and Traffic Law § 510 (3-a), to have defendant's driver's license temporarily suspended pending prosecution. Defendant then decided to accept the plea offer and pleaded guilty to speeding in a school zone in exchange for a fine and a 30-day postconviction suspension of his driver's license. On appeal, defendant contends, among other things, that the law does not allow for an arraignment to take place during an electronic appearance and that the People's application to suspend defendant's driver's license pending prosecution coerced him into accepting the plea offer.
Contrary to defendant's contention, CPL 182.20 does not prohibit the dispensing of a defendant's personal appearance for an electronic appearance for anything other than a hearing or a trial (see CPL 180.20 [1]).
Defendant's contention that his guilty plea was coerced is without merit. The People applied for a preconviction suspension of his driver's license because a license or registration may be temporarily suspended at any time "without notice, pending any prosecution, investigation or hearing" (Vehicle and Traffic Law § 510 [3-a]), and such application was not coercive. Faced with the possibility of either accepting a plea offer of a 30-day postconviction [*2]license suspension with a fine or a temporary preconviction license suspension during the two-month adjournment that he requested, with a fine and/or imprisonment (see Vehicle and Traffic Law § 1180 [h] [4] [iii]) and the possibility of a postconviction license suspension beyond 30 days (see Vehicle and Traffic Law § 510 [3] [a]; People v Wahl, 75 Misc 3d 40 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]) if convicted, defendant chose to plead guilty, a strategic decision not due to any coercion.
Defendant's remaining contentions are without merit.
Accordingly, the judgment of conviction is affirmed.
EMERSON, J.P., GARGUILO and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 20, 2023