People v Guzman (2022 NY Slip Op 50445(U))

[*1]

People v Guzman (Jason)

2022 NY Slip Op 50445(U) [75 Misc 3d 132(A)]

Decided on May 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, HELEN VOUTSINAS,
JJ

2021-406 RO CR

The People of the State of New York,
Appellant,
against
Jason S. Guzman, Respondent. 

Rockland County District Attorney (Jacob B. Sher, Renada N. Lewis and Ariel Dahan of
counsel), for appellant.
Gary E. Eisenberg, for respondent.

Appeal from an order of the Justice Court of the Village of West Haverstraw, Rockland
County (Richard S. Pakola, J.), dated January 15, 2021. The order granted the branches of
defendant's motion seeking to dismiss the accusatory instruments on statutory speedy trial
grounds.

ORDERED that the order is modified, on the law, by providing that so much of the order as
granted the branches of defendant's motion seeking to dismiss, on statutory speedy trial grounds,
the accusatory instruments charging defendant with unsafe backing and refusal to take a breath
test is vacated and those branches of defendant's motion are denied; as so modified, the order is
affirmed.
In October 2019, defendant was arraigned on an information charging him with unlawful
possession of marihuana in the second degree (Penal Law § 221.05, a violation at the time,
but now no longer a cognizable offense following the repeal of article 221 of the Penal Law on
March 31, 2021) and on five simplified traffic informations charging him with, respectively,
common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3], an unclassified
misdemeanor), driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4],
an unclassified misdemeanor), driving while ability impaired by the combined influence of drugs
or alcohol and any drug or drugs (Vehicle and Traffic Law § 1192 [4-a], an unclassified
misdemeanor), refusal to take a breath test, purportedly in violation of Vehicle and Traffic Law
§ 1194 (1) (b), but which is not a cognizable offense (see People v Malfetano, 64 Misc 3d 135[A], 2019 NY Slip Op
51147[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]), and unsafe backing (Vehicle
and Traffic Law § 1211 [a], a traffic infraction). 
In the same month, the People submitted a "Supporting Deposition, DWI Bill of Particulars,"
which indicated, in two places, that a video of the incident existed. Also, in October 2019,
defense counsel submitted a demand to produce and a demand for a bill of particulars [*2]which demanded that the People produce, among other things, any
tapes or other electronic recordings of the incident. Thereafter, by letter dated October 31, 2019,
the People submitted open file discovery which included, among other things, the
aforementioned "Supporting Deposition, DWI Bill of Particulars." On February 19, 2020, the
People filed a certificate of compliance (CoC), dated February 18, 2020, as well as an annexed
"Index Identifying Items Provided Pursuant to CPL § 245.50 (1)," which made no mention
of a video. The People filed a statement of readiness (SoR) for trial along with the CoC. 
On March 20, 2020, as a result of the COVID-19 pandemic, Governor Cuomo issued
Executive Order 202.8 (9 NYCRR 8.202.8), which tolled and suspended criminal statutes of
limitations and deadlines. The tolling effect of Executive Order 202.8 was extended numerous
times [FN1]
and, as of October 5, 2020, Executive Order 202.67 (9 NYCRR 8.202.67) lifted the tolling effect
of the prior Executive Orders, specifically stating that "The suspension and modification of
Section 30.30 of the criminal procedure law, as continued and modified in EO 202.60, is hereby
no longer in effect, except for felony charges."
On October 7, 2020, the People filed a supplemental CoC, along with an index which stated
that the People were providing the defense with, insofar as is relevant to this appeal, a "Dash
Camera video." By notice of motion returnable in November 2020, defendant moved to, among
other things, dismiss the accusatory instruments on the ground that his statutory right to a speedy
trial had been violated, since more than 90 days of delay were chargeable to the People because
their CoC was not accurate, as the People had not provided the defense with the video. In an
affirmation in opposition, the People stated, in pertinent part, that the video was apparently not
provided in a discovery packet the police had given to the People; that the People were unaware
of the missing video until defense counsel informed them on August, 18, 2020 that they had
failed to provide the defense with the video; that, on September 25, 2020, the affiant requested
the video from the police department which they provided to the defense on October 7th; and that
their failure to submit the video in their February 2020 discovery index did not invalidate their
February 2020 CoC and SoR. Defendant submitted papers in reply.
By order dated January 15, 2021, the Justice Court granted the branches of defendant's
motion seeking to dismiss the accusatory instruments on statutory speedy trial grounds, finding
that more than 90 days of delay were chargeable to the People. The court specifically determined,
among other things, that the People's February 2020 CoC was "illusory." [*3]Consequently, the court found that the 27-day time period of
February 18, 2020 to March 16, 2020 was chargeable to the People because they filed a CoC
even though they had not turned over the video. On appeal, the People only dispute the 2020 time
periods charged against them and argue, among other things, that they should not have been
charged with the aforementioned 27 days.
Prior to the amendment of the speedy trial statute in January 2020, statutory speedy trial time
was not applicable to traffic infractions. Even assuming, without deciding, that the January 2020
amendments to the speedy trial statute apply retroactively, following the amendment, CPL 30.30
(1) (d) and (e), would only apply to the accusatory instrument charging defendant with unsafe
backing (a traffic infraction) if (1) the accusatory instrument accuses defendant of one or more
offenses, (2) one or more of the offenses is a violation, and (3) no offense is a crime. CPL 30.30
(1) (e), enacted in 2020, provides that a traffic infraction is an offense, Vehicle and Traffic Law
§ 155 provides that a traffic infraction is not a crime, and Penal Law § 10.00 (3)
defines a violation as "an offense, other than a 'traffic infraction.' " The Vehicle and Traffic Law
neither declares the refusal to take a breath test to be a violation nor a traffic infraction. In view
of the foregoing, since, following January 2020, the statutory speedy trial requirements of CPL
30.30 (1) (d) would, in any event, not apply to the accusatory instruments charging unsafe
backing and refusal to take a breath test, the Justice Court should have denied these branches of
defendant's motion (see People v
Lopez, 73 Misc 3d 133[A], 2021 NY Slip Op 51016[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2021]; Malfetano, 2019 NY Slip Op 51147[U]; People v
Smith, 53 Misc 3d 136[A], 2021 NY Slip Op 51071[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2021]). 
With respect to the accusatory instruments charging defendant with the unclassified
misdemeanors of common-law driving while intoxicated, driving while ability impaired by drugs
and driving while ability impaired by the combined influence of drugs or alcohol and any drug or
drugs, Vehicle and Traffic Law § 1193 (1) (b) provides that violations of these statutes are
"punishable by a fine . . . or by imprisonment . . . for not more than a year." Consequently, as to
the aforementioned accusatory instruments, the People were required to announce their readiness
for trial within 90 days of the commencement of the actions for these unclassified misdemeanors
(see CPL 30.30 [1] [b]; see also People v Lomax, 50 NY2d 351, 356
[1980]).
We note that when the actions were commenced in October 2019, the accusatory instrument
charging unlawful possession of marihuana in the second degree (Penal Law § 221.05)
would have been controlled by the pre-amendment speedy trial statute which required the People
to announce their readiness for trial within 30 days (see CPL 30.30 [1] [d]; see also
Lomax, 50 NY2d at 356). The Justice Court granted the branch of defendant's motion
seeking to dismiss all of the accusatory instruments on speedy trial grounds in January 2021, and
Article 221 of the Penal Law was repealed on March 31, 2021.
A review of the record indicates that the People filed their CoC in February 2020 and the
relevant documents, certificates and statements filed herein were submitted after the January
2020 amendments to the Criminal Procedure Law. Effective January 2020, CPL 30.30 (5)
abrogated case law which allowed the People to declare their readiness for trial even if they had
not fulfilled their discovery obligations. CPL 30.30 (5) now provides that "Any statement of trial
readiness must be accompanied or preceded by a certification of good faith compliance with the
disclosure requirements of section 245.20 . . . and the defense shall be afforded an opportunity to
[*4]be heard on the record as to whether the disclosure
requirements have been met."[FN2]
In addition, after the People "state[] or otherwise provide[] notice that [they] are ready for trial,
the court shall make inquiry on the record as to their actual readiness. If, after conducting its
inquiry, the court determines that the people are not ready to proceed to trial, the prosecutor's
statement or notice of readiness shall not be valid for purposes of this section" (CPL 30.30
[5] [emphasis added]). CPL 245.50 (1) states that when the People have provided the discovery
required by CPL 245.20 (1), "it shall serve upon the defendant and file with the court a certificate
of compliance. The certificate of compliance shall state that, after exercising due diligence
and making reasonable inquiries to ascertain the existence of material and information subject to
discovery, the prosecutor has disclosed and made available all known material and
information subject to discovery" (emphasis added). Compliance with the discovery requirements
of CPL 245.20 is a prerequisite to a valid statement of readiness absent the showing of "special
circumstances" (CPL 245.50 [3]).
The record on appeal indicates that, since, at least, October 31, 2019, the People were in
possession of police documents which indicated the existence of the video. Although the People
stated that the "video was not provided to our office with the discovery packet the police had sent
over," the People provide no information as to what they initially requested of the police, when
they requested those items from the police, or when the police sent them the packet. Nor do they
provide any explanation as to why they did not check the items sent to them against a list of the
requested items, or against the police reports they sent to the defense. The People blame the
defense for their failure to procure the video from the police by arguing that defense counsel did
not inform them that he had not received the video until August 18, 2020. The People then state
that they subsequently attempted to procure the video "as quickly as possible" and that their
failure to provide defendant with the video prior to their February 2020 CoC/SoR "was an
unintentional oversight." The record indicates that after the People learned of the missing video
in August 2020, they waited over a month, until September 25, 2020, to request the video from
the police, which video they finally made available to the defense on October 7, 2020. In any
[*5]event, it is well settled that office failure does not amount to
special circumstances (see e.g. People v Briggs, 38 NY2d 319, 324 [1975]). 
In view of the foregoing, we find that the February 2020 CoC was not filed in good faith, as
the People failed to exercise due diligence and did not make reasonable inquiries to obtain the
video. Since the CoC was invalid and there were no special circumstances presented, the SoR
was also invalid (see CPL 30.30 [5]; 245.50 [3]). Consequently, the Justice Court
properly granted the branches of defendant's motion seeking to dismiss the accusatory
instruments charging defendant with common-law driving while intoxicated, driving while
ability impaired by drugs and driving while ability impaired by the combined influence of drugs
or alcohol and any drug or drugs, on the ground that his statutory right to a speedy trial had been
violated, as more than 90 days of delay were chargeable to the People. Further, the accusatory
instrument charging defendant with unlawful possession of marihuana in the second degree was
properly dismissed on the ground that over 30 days were chargeable to the People.
Accordingly, the order is modified by providing that so much of the order as granted the
branches of defendant's motion seeking to dismiss, on statutory speedy trial grounds, the
accusatory instruments charging defendant with unsafe backing and refusal to take a breath is
vacated and those branches of the motion are denied.
GARGUILO, P.J., DRISCOLL and VOUTSINAS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2022

Footnotes

Footnote 1:Executive Order 202.8 was only
effective until April 19, 2020, and its blanket tolling provision was extended by Executive Orders
202.14, 202.28 and 202.38. On July 6, 2020, Executive Order 202.48 stated that "Section 30.30
of the criminal procedure law, is hereby modified to require that speedy trial limitations remained
suspended until such time as petit criminal juries are reconvened or thirty days, whichever is
later." Executive Order 202.48 was extended by Executive Orders 202.55 and 202.60.

Footnote 2:CPL 245. 20 (1) provides that
the People must disclose all items and information that relate to the case and are in the
possession, custody or control of the prosecution or persons under the People's direct control.
CPL 245.20 (2) provides that the "prosecutor shall make a diligent, good faith effort to ascertain
the existence of material or information discoverable under subdivision one of this section and to
cause such material or information to be made available for discovery . . . . For the purposes of
subdivision one of this section, all items and information related to the prosecution of a charge in
the possession of any New York state or local police or law enforcement agency shall be deemed
to be in the possession of the prosecution."