People v Hamizane (2023 NY Slip Op 23233)

[*1]

People v Hamizane (Toufik)

2023 NY Slip Op 23233

Decided on July 13, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on July 13, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, JAMES P. McCORMACK, JJ

2022-254 N CR

The People of the State of New York, Appellant,
against
Toufik Hamizane, Respondent. 

Nassau County District Attorney (Tammy S. Smiley, Daniel Bresnahan, Autumn S. Hughes and Monica M. C. Leiter of counsel), for appellant.
Nassau County Legal Aid Society (Tammy Feman and Argun M. Ulgen of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Karen L. Moroney, J.), dated March 8, 2022. The order granted the branches of defendant's omnibus motion seeking to declare two certificates of compliance improper and to dismiss the accusatory instrument on the ground that defendant's statutory right to a speedy trial had been violated.

ORDERED that the order is affirmed.
In October 2020, defendant was arraigned on an accusatory instrument charging him with assault in the third degree (Penal Law § 120.00 [1]), a class A misdemeanor. Thereafter, the People filed a certificate of compliance (CoC) on December 11, 2020 and a statement of readiness (SoR) on January 3, 2021 (see CPL 30.30 [5]; 245.50). The People filed a supplemental CoC and SoR on May 7, 2021.
Insofar as is relevant to this appeal, by order dated October 27, 2021, upon reargument, the District Court found that 90 days of delay were chargeable to the People through January 3, 2021. By notice of omnibus motion returnable in November 2021, defendant moved for, among other things, an order declaring the December 2020 and May 2021 CoCs improper, and dismissing the accusatory instrument on the ground that defendant's statutory right to a speedy trial had been violated. In support of the motion, defendant argued, among other things, that the [*2]CoCs were improper at the time of their filing because outstanding discovery existed in that the People had failed to disclose police disciplinary records of the potential police witnesses (see CPL 245.20 [1] [k] [iv]). The People responded that their disclosure obligation was limited by the language of CPL 245.20 (1) and (2) to information that relates to the subject matter of the case or to the prosecution of a charge; that, in the exercise of caution, in January 2022, they disclosed the police disciplinary records of a non-testifying police officer; and that, in any event, defendant had not shown that he was prejudiced by any late disclosure. In January 2022, a hearing was held on the motion, after which, by order dated March 8, 2022, the District Court (Karen L. Moroney, J.) found that the December 2020 and May 2021 CoCs were improper, and dismissed the accusatory instrument on the ground that defendant's statutory right to a speedy trial had been violated. The pertinent part of the written order states that the People
"failed to show that they exercised due diligence to ascertain the existence of the police records prior to the filing of the COC[s] . . . [and] [a]lthough the People have now changed their position as to who will be the witnesses at trial, they have failed to show that they exercised due diligence regarding discovery at the time they filed the COC[s]. The People argue that they had no duty to obtain or disclose police disciplinary records because the People only have the duty to obtain impeachment evidence where it 'relates to the subject matter' of the case. This argument is rejected (CPL[]245.55). As such, the defendant's motion to deem the COC[s], dated December 10, 2020 and May 7, 2021, . . . invalid is granted. Thus, the People exceeded their time in which to announce ready."
On appeal, the People contend that CPL 245.20 (1) (k) (iv) does not require them to produce police disciplinary records that do not relate to the subject matter of the prosecution and, therefore, they cannot be deemed to possess such records; that non-testifying witnesses are not subject to impeachment and, therefore, no impeachment materials need to be disclosed for such witnesses; and that the People exercised due diligence and good faith, reasonable under the circumstances, in their discovery responses.
Pursuant to CPL 30.30 (1) (b), the People had 90 days in which to announce their readiness for trial, and it is undisputed that, as of January 3, 2021, 90 days of delay were chargeable to the People. By virtue of amendments to the CPL effective January 1, 2020, absent an individualized finding of special circumstances, the filing of a proper CoC is a prerequisite to the People being ready for trial (see CPL 30.30 [5]; 245.50 [1], [3]; People v Guzman, 75 Misc 3d 132[A], 2022 NY Slip Op 50445[U], *5 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). Consequently, an SoR is invalid if it is accompanied or preceded by a CoC that is later determined to be improper, where no special circumstances exist (see CPL 30.30 [5]; 245.50 [1], [3]). In the case at bar, it is uncontroverted that, when the People filed their December 2020 CoC, although they listed three police officers as potential witnesses, they provided no disciplinary records for these potential witnesses and never indicated that such records do not exist. Morever, in their May 2021 CoC, the People listed a police medic as a fourth potential witness and, again, provided no disciplinary records, and did not state that such records do not exist. Contrary to the People's argument, a showing of prejudice is not required to establish that a CoC is improper (see People v Gaskin, 214 AD3d 1353, 1355 [2023]). 
The People cite People v Garrett (23 NY3d 878 [2014]) in support of their contention that CPL 245.20 (1) and (2) limit their disclosure obligations to information that relate to the [*3]subject matter of the case or to the prosecution of a charge. In Garrett, the Court of Appeals stated that "[a] prosecutor's duty to learn of favorable evidence known to those acting on the government's behalf has generally been held to include information that directly relates to the prosecution or investigation of the defendant's case" (Garrett, 23 NY3d at 888 [internal quotation marks omitted]). Garrett is based upon the disclosure obligations set forth in Brady v Maryland (373 US 83 [1963]). In Brady, the Supreme Court of the United States held that due process is violated where the People suppress evidence which is "material either to guilt or to punishment [of the defendant]" (id. at 87). The People use the materiality requirement of Brady, which is referenced in Garrett, to support their argument that any impeachment evidence provided pursuant to CPL 245.20 (1) (k) (iv) must be related to the subject matter of the case or to the prosecution of a charge.
CPL 245.20 (1) (k), which was enacted after Garrett, is not a codification of the Brady disclosure requirements, as CPL 245.20 (1) (k) encompasses "All evidence and information" which "tends to . . . (iv) impeach the credibility of a testifying prosecution witness" (emphasis added). Thus, CPL 245.20 (1) (k) (iv) "goes beyond what Brady required. . . . [and] impeachment evidence and information is not limited to that which is related to the subject matter of the underlying case"(People v Best, 76 Misc 3d 1210[A], 2022 NY Slip Op 50859[U], *3 [Crim Ct, Queens County 2022] [internal quotation marks and citations omitted]; see also People v Darren, 75 Misc 3d 1208[A], 2022 NY Slip Op 50415[U], *4 n 1 [Crim Ct, NY County 2022]; People v Sozoranga-Palacios,73 Misc 3d 1214[A], 2021 NY Slip Op 51036[U] [Crim Ct, NY County 2021]; People v Williams,72 Misc 3d 1214[A], 2021 NY Slip Op 50743[U] [Crim Ct, NY County 2021]; People v McKinney, 71 Misc 3d 1221[A], 2021 NY Slip Op 50456[U] [Crim Ct, Kings County 2021]; People v Altug, 70 Misc 3d 1218[A], 2021 NY Slip Op 50145[U] [Crim Ct, NY County 2021]; but see People v Williams, 76 Misc 3d 712 [Sup Ct, Queens County 2022]; People v Marin, 74 Misc 3d 1037 [Crim Ct, Bronx County 2022]; People v Perez,73 Misc 3d 171 [Sup Ct, Queens County 2021]). By enacting CPL Article 245.20, the legislature chose to impose stricter disclosure obligations for the People whereby "the People now have a statutory duty to disclose all evidence and information—including that which is 'known to police'—that tends to impeach the credibility of a testifying prosecution witness" (People v Figueroa, 78 Misc 3d 1203[A], 2023 NY Slip Op 50149[U], *2 [Crim Ct, NY County 2023]). Clearly, the disciplinary records of a potential police witness which were created in relation to a different case goes to the weight of the credibility of the witness and can be used for impeachment purposes (see People v Pennant, 73 Misc 3d 753, 758-759 [Dist Ct, Nassau County 2021]). Impeachment evidence is not limited to what is related to the subject matter of the charges against a defendant (see e.g. People v Smith, 27 NY3d 652, 667 [2016]).
Consequently, with respect to every listed potential police witness, it was the People's obligation to disclose whether or not disciplinary records exist, and to provide the defense with copies of any existing records (see Matter of Jayson C., 200 AD3d 447, 449 [2021]; People v Rodriguez, 77 Misc 3d 23, 24 [App Term, 1st Dept 2022]). Moreover, a review of the record indicates that the People failed to demonstrate that the December 2020 and May 2021 CoCs were filed in good faith and were reasonable under the circumstances (see CPL 245.50 [1]), since none of the People's submissions in opposition to defendant's November 2021 omnibus motion, or arguments made at the hearing, showed that the People had attempted to obtain any police [*4]disciplinary records, or attempted to find out whether any such records existed, prior to the filing of these CoCs.
The People's remaining contentions lack merit.
In view of the foregoing, the District Court properly granted the branches of defendant's omnibus motion seeking an order declaring the CoCs filed on December 11, 2020 and May 7, 2021 improper. The People did not dispute the court's October 2021 finding that, as of January 3, 2021, 90 days of delay were chargeable to the People and, since the People, admittedly, did not comply with the CPL 245.20 (1) (k) (iv) disclosure requirement until January 2022, the court properly dismissed the accusatory instrument on the ground that defendant's statutory right to a speedy trial had been violated because more than 90 days of delay were chargeable to the People.
Accordingly, the order is affirmed.
GARGUILO, P.J., EMERSON and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 13, 2023