People v Dorcena (2024 NY Slip Op 51303(U))

[*1]

People v Dorcena

2024 NY Slip Op 51303(U)

Decided on September 18, 2024

Justice Court Of The Town Of Clarkstown, Rockland County

Bongiorno, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 18, 2024
Justice Court of the Town of Clarkstown, Rockland County

The People of the State of New York,

against
Clarsen Dorcena, Defendant.

Docket No. 23110012

Michael E. Bongiorno, J.

Defendant is charged with two counts of operating a motor vehicle while under the influence of alcohol, unclassified misdemeanors. By Motion to Dismiss, dated April 19, 2024, Defendant challenges the People's Certificate of Compliance ("COC") and Statement of Readiness ("SOR") and seeks dismissal for deprivation of his right to a speedy trial pursuant to CPL § 30.30. The People oppose the motion, filing a Response dated May 29, 2024. After those submissions the Court conducted oral argument supplemented by additional written submissions.
For the reasons set forth, the motion to invalidate the People's COC is Granted, and the motion to dismiss the charges is Granted.
PROCEDURAL HISTORY
Defendant was arrested on October 28, 2023, and charged with two counts of operating a motor vehicle while under the influence of alcohol, unclassified misdemeanors (VTL §§ 1192.2 and 1192.3). By way of appearance ticket, Defendant's arraignment was scheduled for November 15, 2023. The Court arraigned Defendant at that time and adjourned the case to December 13, 2023, for the People to provide discovery to Defendant and file a COC. On December 13, 2023, the Court adjourned the case to January 10, 2024, for the People to provide discovery to Defendant and file a COC. The People filed a COC and SOR on January 17, 2024, and Defendant filed a written challenge to the COC dated January 19, 2024, and stamped received by the Court on January 23, 2024. The Court adjourned the case to February 7, 2024, March 6, 2024, and April 1, 2024, for a COC inquiry pursuant to CPL § 30.30 (5). On April 1, 2024, the Court set a motion schedule with Defense motions due by April 22, 2024, the People to respond by May 13, 2024, and the Defense to file a Reply by May 20, 2024. On April 19, 2024, Defendant filed a motion to invalidate the People's COC and to dismiss the charges on speedy trial grounds. The People did not file a Response by May 13, 2024, and on May 16, 2024, requested additional time to respond, which the Court granted. The People filed a Response on May 29, 2024. Defendant did not file a Reply.
On May 29, 2024, the Court ordered oral argument on Defendant's Motion, which took place on July 26, 2024. Prior to the oral argument, the Court provided both parties with a list of issue and questions to be addressed, along with a request for specific documents. Following the oral argument, the Court provided both parties an opportunity to submit additional written arguments, which both sides did, and the Court adjourned the case to September 18, 2024, for decision.
Defendant challenges the People's SOR as illusory because their COC was invalid for failure to exercise due diligence and make reasonable inquiries to obtain and provide mandatory discovery including: (1) breath machine documents, including the reference standard (often referred to as the simulator solution) and repair/maintenance records; (2) CPL § 240.25 (1)(k) impeachment material for testifying Police Officer Richard Willows; and (3) inaccessible electronic recordings and police radio runs.

VALIDITY OF THE PEOPLE'S CERTIFICATE OF COMPLIANCE AND STATEMENT OF READINESS
Under CPL § 245.20 (1), "the prosecution shall disclose to defendant, and permit the defendant to discover, inspect, copy, photograph and test, all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control, including but not limited to" the items listed in CPL § 245.20 (1)(a)-(u). All items and information related to the prosecution in the possession of any New York state or local police or law enforcement agency shall be deemed in possession of the prosecution. CPL § 245.20 (2). Additionally, the prosecution must "ensure that a flow of information is maintained between the police and other investigative personnel and his or her office...." CPL § 245.55 (1).
Unless the Court makes an "individualized finding of special circumstances"[FN1]
the People shall not be deemed ready for trial until they have filed a proper COC pursuant to CPL § 245.50 (1). People v. Bay, 41 NY2d 200, 209-210 (2023); CPL § 245.50 (3). Under CPL § 245.50 (1), the key question in determining if the People filed a proper and valid COC is whether the prosecution has "exercise[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of information subject to discovery." CPL § 245.50 (1); Bay, 41 NY2d at 211; see also CPL § 245.20 (2). "Due diligence" is a flexible standard that requires the People "to make reasonable efforts" to comply with the statutory directives. Bay, Id. "Although the relevant factors for assessing due diligence may vary from case to case, courts should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery." Id. at 212. The People must exercise due diligence and make reasonable inquiries prior to filing a COC and SOR. Although belated disclosure will not necessarily establish a lack of due diligence or render an initial COC improper, post-filing disclosure and a Supplemental Certificate of Compliance ("SCOC") cannot compensate for a failure to exercise diligence before the initial COC is filed. Id. Should a defendant challenge the validity of a COC and SOR, the People bear the burden of establishing [*2]that they exercised due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure. Id. at 213; People v. Guzman, 75 Misc 3d 132(A) (App. Term, 2d Dept. 9 & 10 Jud. Dist. 2022).
The defense must "notify or alert" the prosecution "as soon as practicable" of any defects or deficiencies relating to the COC, and any challenges relating to the sufficiency of the COC or SCOC shall be addressed by motion. CPL § 245.50 (4). Both parties are also required to "diligently confer" to resolve any dispute concerning discovery. CPL § 245.35 (1).
(1) Breath Machine Documentation
Defendant asserts the People failed to provide him with numerous documents related to the breath machine (a Datamaster) and breath test utilized in this case to obtain Defendant's blood alcohol content ("BAC") reading. The People's COC directed Defendant to a link at a public web site to obtain the breath machine documents, ostensibly including reference standard records, maintenance and repair records, and calibration records. The prosecutor does not maintain the discovery site; it is maintained by law enforcement agencies, including the New York State Division of Criminal Justice Services ("DCJS"), the Rockland County Sheriff's Office ("RCSO"), and the New York State Police ("NYSP").
Defendant contends that he was unable to access breath machine documents at the provided link despite repeated efforts. Specifically, Defendant claims that following the filing of the COC he accessed the discovery link but was unable to locate breath machine repair documents, rolling/weekly maintenance logs and reference standard records relating to his case; the site contained documents for other cases. Defendant raised this issue in its January 19, 2024, written challenge to the People's COC. While the defense did not check off box "20" regarding breath machine documentation required to be provided to Defendant under CPL § 245.20 (1)(s), the defense did check box "10" relating to "scientific tests," noting discovery as to the breath machine was insufficient due to: "Simulator solution number BOP is inconsistent with documents provided, no gas chromatography, no follow-up (bookended) repair records indicating if machine was functional post 5/23." Although not artfully drafted, the challenge did provide adequate notice of a problem with the breath machine discovery link and missing documents. On April 1, 2024, Defendant repeated these objections in court during an oral CPL § 30.30 (5) inquiry.
Following the April 1, 2024, court appearance, the Court accessed the public link and could not locate the relevant breath machine documents, including reference sample documents and repair records identified as missing by Defendant.
The People respond that they checked the discovery link following the July 26, 2024, oral argument and that at that time the disputed breath machine documents were present, including the reference sample record. The Court also accessed the discovery link following oral argument and the previously missing documents were accessible. Significantly, the People have not provided proof that the records at issue were accessible on the discovery link at the time they filed their COC and SOR. The People also did not provide documentation as to when the records at issue were first uploaded to the discovery link, or when they first accessed the link to determine if all necessary documents had been uploaded.
It should be noted that, unfortunately, that the parties did not diligently confer regarding the allegedly missing discovery material. If the parties had conferred as required, some of the discovery issues in this case could have been avoided. Ultimately, however, it is incumbent on the People to establish they exercised due diligence and made reasonable inquires to obtain and [*3]disclose discovery material. Bay, 41 NY2d at 213; People v. Guzman, supra. The People simply have not met their burden in this case.
The People are required to make the reference standard and other breath machine records available to Defendant before they file a valid COC. People v. Pacheco, 83 Misc 3d 1201(A) (Crim. Ct., Queens Co. 2024); CPL § 245.20 (1)(s). The prosecution cannot rely on an automatic system of discovery maintained by other law enforcement agencies; they must review and check a discovery link to determine that the mandated discovery items are present. There is no evidence the People spoke to anyone about the discovery link or checked the link to determine if all required discovery material was present before filing a COC. It is this Court's opinion that the steps taken by the People were insufficient to meet the statutory standard of due diligence and reasonable inquiry. People v. Howard, 83 Misc 3d 1255(A) (District Ct., Suffolk County 2024). Where the People make no attempt to check a discovery link purported to contain required discovery material—and there is no claim that the prosecution viewed the discovery link before filing a COC—they have not conducted the reasonable inquiry and due diligence required to certify discovery compliance. People v. Wharton, — Misc 3d —, 2024 WL 4096829 (App. Term, 2d Dept, 2, 11 & 13 Jud. Dist. 2024) (COC improper where record bereft of information as to whether People, prior to filing COC, made reasonable inquiries and exercised due diligence for late disclosed discovery material); People v. Budhu, 83 Misc 3d 1273(A) (Crim. Ct., Queens Co. 2024); see also People v. Luna, 211 N.Y.S.3d 734 (App. Term, 2d Dept. 9 & 10 Jud. Dist. 2024) (People not found diligent when they filed a COC without receiving and reviewing records requested from police). Consequently, and as set forth in further detail infra, the Court finds the People failed to exercise due diligence and make reasonable inquiries as to the breath machine and breath test documents supposedly uploaded to the discovery link before filing their COC and SOR, thus rendering the COC invalid and the SOR illusory and invalid.
(2) Impeachment Material for Testifying Police Officer Richard Willows
Pursuant to CPL 245.20 (1)(k), Defendant claims he was entitled to historical disciplinary records and other potential impeachment material for testifying Police Officer Richard Willows (often referred to as "Giglio"[FN2]
material), and that the prosecution did not provide those materials before filing their COC. Courts at both the appellate and trial level have reached contradictory and inconsistent rulings on whether past substantiated and unsubstantiated police disciplinary records are discoverable. CPL § 245.20 (1)(k)(iv) provides the People shall automatically disclose to the defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control, including [a]ll evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in the case, that tends to impeach the credibility of a testifying prosecution witness"(emphasis added).
Here, the People had documentation, which they provided to Defendant, that Willows had past disciplinary records, including one unsubstantiated allegation, from when he was employed by the New York City Police Department ("NYPD"). The People attached Willows' NYPD disciplinary records to their August 15, 2024, written submission. While disclosing the records, the People argue the law is unclear as to whether unsubstantiated allegations are subject to automatic discovery. The majority view is that unsubstantiated allegations are subject to discovery, and this Court will follow that line of cases; therefore, both parties should be on notice of the Court's position. Matter of Jayson C., 200 AD3d 447 (1st Dept. 2021); People v. Hamizane, 80 Misc 3d 7 (App. Term, 2d Dept., 9 & 10 Jud. Dist. 2023); People v. Rodriguez, 77 Misc 3d 23 (App. Term, 1st Dept. 2022); People v. Gourdine, 83 Misc 3d 1264(A) (Sup. Ct., Kings Co. 2024).
The issue of what constitutes the "subject matter of the case" is even more convoluted. Several appellate courts have held that the "subject matter of the case" only applies to Giglio material derived from the case at bar; historical impeachment material, including past disciplinary records, are not related to the "subject matter of the case." See People v. McCarty, 221 AD3d 1360, 1362 (3d Dept. 2023); People v. Johnson, 218 AD3d 1347, 1350 (4th Dept. 2023); People v. Fuentes, 81 Misc 3d 134(A) (App. Term, 2d Dept., 9 & 10 Jud. Dist. 2023); People v. Earl, — Misc 3d —, 2024 WL 4097245 (App. Term, 2d Dept. 2, 11 & 13 Jud. Dist. 2024); People v. Jawad, — Misc 3d —, 2024 WL 4096833 (App. Term, 2d Dept. 2, 11 & 13 Jud. Dist. 2024). Other cases hold that the "subject matter of the case," as intended by the legislature, applies to all past impeachment material, including historical police disciplinary records. Hamizane, supra; Gourdine, supra; People v. Bienaime, 83 Misc 3d 1265(A) (Crim. Ct., Kings Co. 2024); People v. Caldiero, 83 Misc 3d 1218(A) (Crim. Ct., Queens Co. 2024); People v. Mohammed, 82 Misc 3d 1209(A) (Dist. Ct., Nassau Co. 2024).
Given the confusing and unsettled split in authority, the Court finds the People exercised sufficient due diligence and made reasonable inquiries as to Willows' NYPD disciplinary records. The parties are advised that the Court, until this issue is resolved by the appellate courts, subscribes to the view that all pending disciplinary actions, and historical substantiated and unsubstantiated allegations, are discoverable under CPL 245.20 (1)(k).
(3) Electronic Recordings and Police Radio Runs
Defendant alleges that People failed to meet their automatic discovery obligation before filing their COC because Defendant was unable to open a link provided by the prosecution containing electronic recordings and police radio runs. Defendant did not raise this issue in their January 19, 2024, written objection to the sufficiency of the COC. Defendant claims that at some point they notified the prosecutor in writing and in person as to this issue, but the Court has not been provided with any documentation to that effect. This is another issue that could have been easily resolved if the parties diligently conferred as required by CPL § 245.35 (2). Given these circumstances, the Court finds the People exercised sufficient due diligence and made reasonable inquiries as to electronic recordings and police radio runs.
(4) Due Diligence and Reasonable Inquiries
When considering the prosecution's discovery lapses, and considering all the factors set forth in Bay, the Court finds the People failed to exercise due diligence and make reasonable inquiries prior to filing their initial COC. This was a simple case with a short investigation that produced a limited and manageable quantity of discoverable material. While the People depended on outside law enforcement agencies to upload required breath machine and breath test [*4]documents to the discovery link, they still had an obligation to inspect the site to confirm that those documents were present before filing a COC. The People have offered no evidence or claim that such an inspection took place. Based upon the record before the Court, it appears the People did not speak to a single person about the breath machine and breath test documentation and merely relied upon an automated system controlled by outside law enforcement agencies to obtain and disclose mandated discovery material. This effort—or lack of effort—is legally insufficient to establish due diligence and reasonable inquiry. Howard, supra. The People's disclosure of various other discovery materials is, under the circumstances of this case, insufficient to establish that they exercised due diligence and made reasonable inquiries to provide important breath machine documents. People v. Mitchell, 228 AD3d 1250, 1257 (4th Dept. 2024). The breath machine and breath test records—routinely produced discovery materials—were critical to the underlying case and the People's failure to provide them, or to assure they were provided via the outside discovery link, constitutes a lack of due diligence. Id.
In view of all the foregoing, the People failed to establish they exercised due diligence and made reasonable inquiries before filing their COC and, consequently, the People's COC is invalid and SOR is illusory and invalid.

 SPEEDY TRIAL CALCULATION
The People argue Defendant was not prejudiced by any late disclosure. A defendant need not demonstrate prejudice to obtain a speedy trial dismissal based on the failure of the People to timely comply with their discovery obligations as CPL § 30.30 requires dismissal if the People did not file a proper COC and the speedy trial period has run. Bay, 41 NY3d at 214; People v. Luna, supra. Once the defendant has alleged that more than the statutorily prescribed period has elapsed since the commencement of the action, the prosecution bears the burden of establishing sufficient excludable delay. People v. Berkowitz, 50 NY2d 333, 349 (1980).
This case commenced for speedy trial purposes when the Court arraigned Defendant on November 15, 2023, following the police issuing an appearance ticket (in the form of a simplified traffic information) at the time of his October 28, 2023, arrest. People v. Stirrup, 91 NY2d 434 (1998); CPL § 30.30 (7)(b); CPL § 150.20 (2). Pursuant to CPL § 30.30 (1)(b), since Defendant's top initial charge was the unclassified misdemeanor of operating a motor vehicle while under the influence of alcohol, the prosecution must be ready for trial within ninety (90) days of commencement of the criminal action. That 90-day period expired on February 13, 2024.
Following Defendant's arraignment, the Court adjourned the case to December 13, 2023, January 10, 2024, and February 7, 2024, for the People provide discovery and file a COC/SOR. The People filed a COC and SOR on January 17, 2024, and Defendant filed a written challenge to the COC dated January 19, 2024, stamped received by the Court on January 23, 2024. The Court adjourned the case to February 7, 2024, March 6, 2024, and April 1, 2024, for a COC inquiry pursuant to CPL § 30.30 (5). On April 1, 2024, the Court, unable to resolve the issue of the legal sufficiency of the People's COC, set a motion schedule with Defense motions due by April 22, 2024, the People respond by May 13, 2024, and the Defense to file a Reply by May 20, 2024.
The People are charged with all speedy trial time from November 15, 2023, to January 17, 2024, a period of 63 days. If the People had filed a valid COC and SOR at that time, the speedy trial clock would have stopped. However, as set forth above, the People's COC was invalid and SOR illusory and invalid, and thus the speedy trial clock continued to run until the Court set a motion schedule on April 1, 2024. See CPL § 30.30 (4)(a) The People are [*5]chargeable with all time from November 15, 2023, to April 1, 2024, a period of 137 days, more than the 90-day speedy trial limit. Consequently, Defendant's motion to dismiss in GRANTED and all charges are dismissed.
The foregoing constitutes the Decision and Order of the Court.
Dated: September 18, 2024
New City, New York
HON. MICHAEL E. BONGIORNO
Clarkstown Justice

Footnotes

Footnote 1:The People made no special circumstances argument in his case.

Footnote 2:In Giglio v. United States, 405 US 150 (1972), the Supreme Court held the government must disclose evidence that may be used to impeach one of its witnesses. In this context, "Giglio" material refer to information related to police misconduct. People v. Gourdine, 83 Misc 3d 1264(A) (Crim. Ct., Kings County 2024); see also People v. Figueroa, 76 Misc 3d 888 (Crim. Ct., Bronx County 2022).