People v Adams (2026 NY Slip Op 50233(U))

[*1]

People v Adams (Selvin)

2026 NY Slip Op 50233(U)

Decided on February 26, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 26, 2026
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570028/22

The People of the State of New York, Respondent, 
againstSelvin Adams, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Beth Beller, J.), rendered January 19, 2022, convicting him, upon his plea of guilty, of harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Beth Beller, J.), rendered January 19, 2022, reversed, the plea vacated, defendant's speedy trial motion granted, and the accusatory instrument dismissed. 
Where, as here, a defendant moves pursuant to CPL 30.30 (a)(2) for dismissal of an accusatory instrument on the ground that the People failed to exercise due diligence with regard to disclosure and, thus, did not file a valid certificate of compliance (COC) (see CPL 245.50 [1]), the burden is on the People to establish that, in fact, they did exercise due diligence and make reasonable inquiries prior to filing the COC, despite belated or missing disclosure (see People v Bay, 41 NY3d 200, 213 [2023]). If the People fail to make such a showing, then the court should deem the COC invalid, strike the statement of readiness as illusory, and, so long as the time chargeable to the People exceeds the applicable 90-day period, dismiss the accusatory instrument (see People v Bay, 41 NY3d at 213).
At the time the People filed the COC on July 13, 2021, 87 days of speedy trial time elapsed. Despite a statement in the COC that recordings of 911 calls, radio runs, and a Sprint report were furnished to the defense via OneDrive, the material was not furnished to the defense. Upon being notified that this material was not turned over as claimed in the COC, the prosecutor explained, in its affirmation in opposition, that it then "realiz[ed] the 911 recording was not provided to the People." Another request was made for "all 911 recordings, radio runs and Sprint reports." The "result of that request was an additional radio run, a 911 recording, and an additional Sprint report, all of which were provided to defense counsel on September 1, 2021."
We agree with defendant that the People failed to meet their burden of establishing that they exercised due diligence and made reasonable efforts to obtain this material prior to filing the COC. The People state that they "realized" that the police did not provide the material at issue [*2]only when defendant notified them that it was not contained in the OneDrive. However, the People provide no information as to what they initially requested of the police department or when they requested it; nor do they indicate whether they checked the items sent to them by the police to see if it complied with their request. Nor do the People indicate why they failed to cross-check the list of items that they claimed to have furnished to the defense with the items actually turned over to the defense, before certifying that the discovery at issue was "provided" to defendant. Thus, on this record, the People failed to meet their burden of establishing that they exercised due diligence and made reasonable efforts to obtain this material prior to filing the COC (see People v Guzman, 75 Misc 3d 132[A], 2022 NY Slip Op 50445[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]).
The People concede that they are chargeable with 87 days up to the time the July 13, 2021 COC was filed. Since this COC was invalid, it did not stop the speedy trial clock (see CPL 245.50 [3]), and the People must be charged with the period from July 13, 2021 through September 1, 2021, when they turned over critical missing material. As a result, the People exceeded their speedy trial time.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 26, 2026